ELIZABETH G. CHIPMAN, Appellant, *v.* JOHN PALMER, Respondent.

| 77 | 51 |
|---|---|
| 124 | 323 |

Where different parties pollute a stream by the discharge of sewerage therein, each from his own premises, and each acting separately and independently of the others, one of the number is not liable for all the injury suffered by another, because of the nuisance thus created; each is liable only to the extent of the wrong committed by him.

The authorities holding that where a direct personal injury is occasioned by the separate and concurring negligence of two or more parties, an action against one or all will lie, and those holding that an equitable action will lie, to restrain parties who are severally contributing to a nuisance, distinguished.

(Argued February 3, 1879 ; decided April 8, 1879.)

APPEAL by the plaintiff from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 9 Hun, 517.)

This action was brought to recover damages alleged to have resulted from a nuisance.

It appeared from the evidence that plaintiff, in 1874, kept a boarding-house in the village of Saratoga Springs, near which flowed a small natural stream of water. Defendant kept a boarding-house higher up on the same stream, the sewerage from which ran into the stream. The sewerage from a large number of hotels and other boarding-houses was also discharged into the stream before it reached plaintiff's premises. In consequence the water of the stream became corrupt and offensive, and by reason of the stench some of plaintiff's boarders left.

The court charged the jury that they could not hold the defendant liable beyond the extent of the wrong which he had himself done. That if sewers from private houses and large hotels had all contributed to produce the damage, the jury might apportionate it, and the rule of damage was the rental value. The plaintiff excepted to that part of the charge relating to damages. The jury rendered a verdict for the plaintiff for five dollars.

Further facts appear in the opinion.

*Oscar Frisbie*, for appellant. The action being for damages by reason of a tort committed by defendant and others, defendant was liable for all the damages sustained. (*Barrett* v. *Third Avenue R. R. Co.*, 45 N. Y., 628; *Webster* v. *Hudson R. R. R. Co.*, 38 id., 260; *Chapman* v. *New Haven R. R. Co.*, 19 id., 341; *Colegrove* v. *Har. and N. H. R. R. Co.*, 20 id., 592; 29 id., 591; 14 J. R., 426; Wood's Law of Nuisances, §§ 821–822; id., § 862.)

*Charles S. Lester*, for respondent. Defendant was liable only for damages resulting from his own acts. (*Van Steenburg* v. *Tobias*, 17 Wend., 562; *Auchmuty* v. *Ham*, 1 Denio, 495; *Partenheimer* v. *Van Order*, 20 Barb., 479; *Wallace* v. *Drew*, 59 id., 413; *Williams* v. *Sheldon*, 10 Wend., 654; *Guille* v. *Swan*, 19 J. R., 381; *Barrett* v.

*Third Avenue R. R. Co.*, 1 Sweeny, 568; S. C., 45 N. Y., 628; *Colegrove* v. *N. Y. and H. and N. Y. and N. H. R. R. Co.*, 6 Duer, 382; S. C., 20 N. Y., 492; *Clark* v. *Eighth Avenue R. R. Co.*, 36 id., 135.)

MILLER, J. The charge of the judge upon the trial in reference to the damages embraced two propositions : First : That the defendant was not liable beyond the extent of the wrong which he had committed, nor for the injury which other parties had contributed to produce, and Second. That as to the amount of injury, the rental value of the premises was the true test. A general exception was taken to this portion of the charge.

The first proposition contained in the charge was clearly correct. The right of the plaintiff to recover of the defendant all the damages which he had sustained by reason of the nuisance I think cannot be maintained. The injury was not caused by the act of ·the defendant alone, or by that of others who were acting jointly or in concert with the defendant. It was occasioned by the discharge of sewerage from the premises of the defendant and other owners of lots into the creek separately and independently of each other. The right of action arises from the discharge into the stream, and the nuisance is only a consequence of the act. The liability commences with the act of the defendant upon his own premises, and this act was separate and independent of and without any regard to the act of others. The defendant's act, being several when it was committed, cannot be made joint because of the consequences which followed in connection with others who had done the same or a similar act. It is true, that it is difficult to separate the injury ; but that furnishes no reason why one *tort feasor* should be liable for the act of others who have no association and do not act in concert with him. If the law was otherwise, the one who did the least might be made liable for the damages of others far exceeding the amount for which he really was chargeable, without any means to

enforce contribution or to adjust the amount among the different parties. So also proof of an act committed by one person would entitle the plaintiff to recover for all the damages sustained by the acts of others, who severally and independently may have contributed to the injury. Such a rule cannot be upheld upon any sound principle of law. The fact that it is difficult to separate the injury done by each one from the others furnishes no reason for holding that one *tort feasor* should be liable for the acts of others with whom he is not acting in concert. The authorities relied upon to sustain such a doctrine come far short of establishing any such rule, and have no application: (*Barrett* v. *The Third Ave. R. R. Co.*, 45 N. Y., 628; *Webster* v. *H. R. R. R. Co.*, 38 id., 260; *Sheridan* v. *B. and N. R. R. Co.*, 36 id., 39; *Chapman* v. *N. H. R. R. Co.*, 19 id., 341; *Colegrove* v. *N. Y. and H. and N. Y. and N. H. R. R. Co.*, 20 id., 492; *Creed* v. *Hartman*, 29 id., 591.) Each of the cases cited was disposed of upon a different principle. They merely hold that where a direct personal injury is occasioned by the separate and concurring negligence of two parties at one and the same time, an action against one or all of them will lie. The distinction is plain between the cases last cited and one where the injury is remote from the act and consequential, and the result of separate acts of different parties at different times, without any association and independent of each other. *Slater* v. *Mersereau*, 64 N. Y., 138, was a case where the separate and independent acts of negligence of two parties was the cause of a single injury to a third person, and as was said in the opinion, was somewhat analogous to a case where the injury was caused by the concurrent negligence of the trains of two railroad corporations. That case was well decided, and in no way upholds the doctrine contended for by the plaintiff's counsel, and is not in point.

The appellant's counsel cites from Wood on Nuisances, (§§ 821, 822,) claiming that the text upholds the doctrine that where one contributes to the production of a nuisance, he is chargeable with all the damages, although many others

contributed thereto, and that where several persons drain in the same ditch, and an injury is produced thereby, any of the persons so using the drain are liable jointly or separately. The cases cited by the author do not sustain the principle contended for, as will be seen by an examination of the same. In *Duke of Buccleugh* v. *Coman*, 5 Macph., 214, the action was a declaration or interdict, in the Court of Sessions of Scotland, which is in the nature of a bill in equity, to prevent the pollution of the river North Esk, which flowed through the lands of the complainants, by paper mills erected on the stream by the defendants. It was held that the action could be maintained; that no question of damage was raised, but merely the question whether the parties had committed the nuisance sought to be redressed. While an action in equity may be maintained in favor of different parties, who were the owners of property upon the same stream, against the owners of different properties, to restrain the nuisance, they may not be jointly or severally liable for the entire injury occasioned thereby. In *Crossley* v. *Light-owler*, (3 L. R. Eq., 279,) it was held that it was no answer to plaintiff's complaining of a private nuisance that a great many other persons are committing the same sort of nuisance, and that plaintiff has admitted the fact by buying up the rights of some who had acquired rights against him, provided that a definite amount of injury could be traced to the defendant. This case also was a bill in equity to restrain the defendants from suffering the foul water from their dye-works to flow into and foul the water of the stream and thus interfering with the plaintiff's enjoyment and use of the water. There was no question as to a separate or joint liability for damages in the case. *Thorpe* v. *Brumfitt*, (8 L. R. Ch. Ap., 650,) was a bill for an injunction to restrain defendants from obstructing a road-way, and holds that the acts of several persons may together constitute a nuisance which the court will restrain, although the damages occasioned by the acts of any one, if taken alone, would be inappreciable. *McAuley* v. *Roberts*, (13 Grant Ch. [U. C.], 565,) holds that an injunc-

tion will lie to compel the defendant to stop or divert a drain which had been built on the plaintiff's lot. In *The Chenango Bridge Co.* v. *Lewis,* (63 Barb., 111,) the erection and the illegal use of the bridge afterwards was a continuous act; and hence, it was properly held that the liability attached not only to those who were engaged in the use, but also to those who erected the structure with the knowledge or intent that it should be put ·to the illegal use. None of these cases uphold the doctrine contended for.

While, as we have seen, an equitable action will lie to restrain parties who severally contribute to a nuisance, the general rule is well settled that where different parties are engaged in polluting or obstructing a stream, at different times and · places, the whole damages occasioned by such wrongful acts cannot be collected of one of the parties. This was also distinctly held in *Wallace* v. *Drew,* (59 Barb., 413.) There must be concert of action and co-operation to make several persons jointly liable : (*Williams* v. *Sheldon,* 10 Wend., 654; *Guille* v. *Swan,* 19 J. R., 381.) In *Wood* v. *Sutcliffe,* (8 Eng. L. & Eq., 217,) which was a motion for an injunction to prevent the pollution of a stream by dye-wares and matters of that description, the vice-chancellor states that where one wrong-doer does more harm than another by a separate act, " the plaintiff must pursue each of the wrong-doers separately, unless they are acting in partnership or in concert together, as they are separate acts." The same rule is upheld in the State of Pennsylvania in several cases where the question was presented : (*Little Schuylkill Nav. R. R. and Coal Co.* v. *Richards,* 57 Penn., 142; *Seely* v. *Alden,* 61 id., 302; · *Bard* v. *Yohn,* 26 id., 482.)

As the portion of the charge which we have considered was clearly right, and the exception was general, so as to include both propositions, it is not material whether the last one was correct in that connection.

The same question, however, arose at another stage of the trial, upon one of the plaintiff's witnesses being asked what was his reason for leaving the plaintiff's boarding-house.

This was objected to, upon the ground, among others, that the measure of damages was the rental value. The judge so held, and several of the plaintiff's witnesses testified that they left on account of the offensive odor ; and it was proved that some persons who had agreed to board with the plaintiff did not do so for that reason ; and that with the nuisance, the premises were valueless, and without it, were worth $1,300 a year. The rule laid down is no doubt correct where an action is brought by a landlord for an injury to premises which are usually let by him : (*Francis* v. *Schoellkopf*, 53 N. Y., 152.) But whether a tenant or occupant of land may maintain an action for special damages beyond the diminution of the rental value, we think is not necessary to decide in this case, for the reason that this question was not distinctly presented by any offer of evidence made by the plaintiff upon the trial. The nearest approach to any such question arises in the offer made by the plaintiff's counsel to prove that she had fitted up the house for the purpose of keeping boarders, and that the reason why she did not take another lease of it for another year was because there was no certainty that the difficulty would be remedied, and she lost the benefit of the improvements which she had made together with such improvements. The damages proposed to be proved by this offer were such as resulted from her being deferred from hiring for another year, without an offer to show that she had a right to a renewal of the lease. Nor did plaintiff propose to show that she was deprived of the benefits of the improvements during the time she occupied the premises. In the form in which the offer was presented, the evidence was clearly incompetent.

The question put to one of the witnesses : " Had you a contract with Mrs. Chipman to remain any length of time ? " was properly excluded. The question related to damages which were remote and of a speculative character resulting from the breaking up of a special contract with a third party, and hence was properly excluded.

No exception was taken to the ruling of the judge excluding the question put to one of the witnesses : " Whether the house was fit to live in on account of that smell ; " and therefore it is unnecessary to determine whether the question was competent.

It may be remarked, that even if the proof had been introduced showing the losses sustained by the plaintiff, as the amount for which the defendant would be liable under the rule laid down would be comparatively small, the plaintiff would not be essentially benefited by a new trial.

As no error appears to have been committed upon the trial, the judgment should be affirmed.

All concur.

Judgment affirmed.