Bridget Sheridan, widow of Michael L. Sheridan *v.* The Township of Palmyra, Appellant.

180    439
29 SC 2583

*Negligence—Township—Bridges.*

Two townships in different counties separated by a stream which is the county line may build a bridge over the stream themselves, and when they divide the bridge at a fixed point, each may build and keep in repair so much of the structure as lies within the township, as any other township road or bridge is built or repaired. When this is done, each township will be liable for the negligence of its own authorities in the care of its own end of the bridge.

*Negligence—Bridges—Contributory negligence.*

Although a person may know that a township bridge is not in a safe condition, yet if he knows that the general public still continues to use the bridge, and he has no distinct notice that the bridge is unsafe, and he uses reasonable care and caution according to the circumstances in crossing the bridge, he cannot be charged with contributory negligence for injuries caused by the defective condition of the bridge.

Argued Feb. 22, 1897. Appeal, No. 436, Jan. T., 1896, by defendant, from judgment of C. P. Pike Co., Dec. T., 1894, No. 11, on verdict for plaintiff. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before PURDY, P. J.

On the trial it appeared that by Act of assembly of March 26, 1814, P. L. 205, the centre of Wallenpaupack creek is made the boundary line between the counties of Wayne and Pike. At a certain point on said creek, near a grist mill of Taft & Pierson, two public roads intersect; one of said roads lying in Wayne county leads from the village of Hawley, southward to the boundary line, and the other lying in Palmyra township, in Pike county, leads from Wilsonville northward to the boundary line at the same point, forming a continuous highway from Wilsonville to the village of Hawley. The former of said roads has been a public highway since 1855, or before, and the latter of said roads was opened upon petition and view in 1878, since which time it has been worked by the supervisors of Palmyra township and used for travel by the general public. At the intersection of said roads, in the center of said creek, stands a

large stone pier. From this pier to the bank of the creek on the Pike county side the roadbed is supported by a wooden structure called in the testimony a bridge. Likewise on the other side of the pier, to the bank in Wayne county, the road-bed is supported by a wooden structure, called in the testimony a bridge. No proceedings were ever taken to make the said bridges a charge on the county.

On September 19, 1894, Michael L. Sheridan, husband of the plaintiff, was driving over the Wallenpaupack creek, on that portion of the bridge lying in Pike county, when the structure fell, and Sheridan received injuries that caused his death.

Plaintiff offered in evidence road docket of Pike county, showing the proceedings in the matter of the public road from Wilsonville to near the grist mill of Taft & Pierson, in Wayne county.

Mr. Baker of counsel for defendant: We object, that on the face of the record as offered it shows a road petitioned for and laid out in two counties, and that the court had no jurisdiction by such an order, and that therefore it is not admissible in evidence, and is immaterial to this issue.

By the Court: Objection overruled, defendant excepts, and bill sealed for defendant. [1]

John Mandeville was called by plaintiff and testified that he had been a member of the town council of the borough of Hawley for three years, and, under objection and exception, he testified that the borough had done work on the Wayne county span of the said bridge up to the pier in the middle of the creek, and lapping on it; that the borough had built it new once or twice; that the supervisor of Palmyra township had built the bridge over on the Pike county side about ten years before the trial; that it was not properly constructed; that each part was built and had been maintained by the respective municipalities adjoining, without any contribution to or between each other. [2]

The contention on the part of the appellant was that the supervisors of Palmyra had no authority to maintain the bridge, or any part of it; that their acts or omissions respecting it placed no obligation on the township; that, although not by law required so to do, they kept up a careful examination of the bridge, and were guilty of no negligence in the premises; that the fall of the bridge was due to causes unknown to them, which

they could not foresee, and which had not been in existence long enough to charge them with notice; and that the plaintiff's husband was guilty of contributory negligence.

The contention of appellee was that the portion of bridge which fell was a part of the public highway in Palmyra township, and that the township is responsible for the negligent manner in which the same was maintained.

Plaintiff's points and answers thereto were as follows:

1. That the bridge on which the plaintiff's husband was injured formed a part of the public highway; and the defendant was bound to keep the same in such safe condition and repair as to make it reasonably safe for all persons having occasion to use said bridge in the ordinary modes and means of travel, and in the pursuit of their lawful business and employment. *Answer:* That proposition is affirmed. [3]

1½. The undisputed evidence being that the bridge from the south bank to the pier was repaired and maintained by the supervisors at the expense of the township and by them kept open for public travel for a period of twelve years, and ten years ago was rebuilt by them at the expense of the township, the township is liable for damages sustained by the plaintiff and due to the negligence of the supervisors in the construction and repair of such bridge, no contributory negligence being shown. *Answer:* This point we refuse. The question of contributory negligence we think is involved here, and this asks us to say to you that there was no contributory negligence in this case. We think that is a question for the jury.

Mr. Monaghan of counsel for plaintiff: It was not the intention to assume that there was no contributory negligence. It was intended to mean, provided there was no contributory negligence shown.

The Court: Reading the point in this way, " The undisputed evidence being that the bridge from the south bank to the pier was repaired and maintained by the supervisors at the expense of the township and by them kept open for public travel for a period of twelve years, and ten years ago was rebuilt by them at the expense of the township, the township is liable for damages sustained by the plaintiff and due to the negligence of the supervisors in the construction and repair of such bridge, if no contributory negligence is shown "—as read in that way, the point is affirmed. [4]

Defendants' points and answers thereto were as follows:

4. If the bridge was unsafe from general decay or defective construction, and Michael Sheridan knew the traveling public there so regarded the same to be unsafe from said causes, or either of said causes, but also saw the general public at the time of the accident still using the bridge for the general business there transacted, he would not be guilty of contributory negligence in using it himself in an ordinary way in the transaction of his own business, and the defendant would still be liable under the above state of facts for any injury to him. *Answer:* That is affirmed, provided the jury should find that he used reasonable care and caution according to the circumstances of the case in crossing the bridge. [5]

2. That the law imposed no duty upon the supervisors of the township of Palmyra to construct, maintain and repair a bridge across the Wallenpaupack stream at the point or place where said bridge was erected. *Answer:* That point is refused. [6]

3. That the law imposed no duty upon the supervisors of the township of Palmyra to construct, maintain and repair any portion of the bridge across the Wallenpaupack stream at the point or place where said bridge was erected. *Answer:* That is also refused. [7]

11. Under the facts proved in this case the verdict should be for the defendant. *Answer:* That is refused. The point asks us to take this case from you and decide it in favor of the township, the defendant, and we think we have no right to do that; that there are questions of fact in this case for the jury. [8]

Verdict and judgment for plaintiff for $2,100. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3–8) above instructions, quoting them.

*W. Wilson,* with him *Hy. T. Baker* and *C. W. Bull,* for appellant.—The road, of which it is contended by the plaintiff that the bridge formed a part, was never lawfully laid out.

Under the provision of sec. 26 of the road law of 1836 for laying out a road on a county line, portions of a road cannot be laid in one county and portions in another: Roaring Creek Road, 11 Pa. 356; Childs v. Crawford Co., 176 Pa. 139; Boro. of

Gouldsboro v. Twp. of Coolbaugh, 87 Pa. 48; Keiser v. Commissioners, 156 Pa. 315; Mayor etc. v. Cunliff, 2 Comst. 165; Langdon v. Chartiers Twp. ,131 Pa. 77; Chartiers Twp. v. Langdon, 114 Pa. 541; Rigony v. Schuylkill Co., 103 Pa. 382.

Township supervisors have no more authority for building a bridge on a county line than for building a courthouse.

It is contributory negligence not to avoid a known danger: Railway Co. v. Taylor, 104 Pa. 306.

*Frank B. Kimble,* with him *O. L. Rowland* and *F. M. Monaghan,* for appellee.—The township was liable for defects in the bridge: Road from the house of Matthew Miller, 9 S. & R. 35; Bean's Road, 35 Pa. 280; Schuylkill Co.'s App., 38 Pa. 460; Smith v. Brotherline, 62 Pa. 461; Hecker v. Sterling, 36 Pa. 423; 2 Am. & Eng. Ency. of Law, 540; Rapho Twp. v. Moore, 68 Pa. 404; Penn Twp. v. Perry Co., 78 Pa. 457; Washer v. Bullitt Co., 110 U. S. 564; Westfield Borough v. Tioga Co., 150 Pa. 152; Newlin Twp. v. Davis, 77 Pa. 321; Woodring v. Forks Twp., 28 Pa. 355; Pittsburg etc. R. R. v. Point Bridge Co., 165 Pa. 37; Plymouth Twp. v. Graver, 125 Pa. 24.

If a person uses a bridge known by him to be defective, but without distinct notice to him or to the public not to use it, he cannot be held in case of accident, guilty of contributory negligence: Humphreys v. Armstrong Co., 56 Pa. 204; Monongahela Bridge Co. v. Bevard, 10 Cent. R. 415.

OPINION BY MR. JUSTICE WILLIAMS, March 22, 1897:

The bridge, by the failure of which the plaintiff lost her husband, was over a stream that had been designated by law as the line between the counties of Wayne and Pike. The road running over it connected the township of Palmyra, Pike county, with the borough of Hawley in Wayne county. A pier near the middle of the stream was recognized as the boundary between them and each district built and maintained the bridge from its shore to this pier under an agreement with each other. The accident happened at the Palmyra end of the bridge. The township denies its liability on the ground that the Act of June 13, 1836, sec. 46, provides a mode for building bridges over streams upon the line between two counties which must be pursued. This is true if the bridge is to be built at the expense

of the adjoining counties as a county bridge, but not otherwise. It is competent for the people of the respective townships to build the bridge themselves, and when they divide the bridge at a fixed point, each may build and keep in repair so much of the structure as lies within the township, as any other township road or bridge is built and repaired. Where this is done, as in the case before us, each township would be liable for the negligence of its own authorities in the care of its own end of the bridge. If this was not so, it might be important for every traveler when approaching such a bridge to leave his team and make a journey to the county seat to examine into the legality of the proceedings under which the bridge had been erected, before venturing himself upon it. The question of negligence was for the jury, and was properly submitted to them. So also was the question of contributory negligence on the part of the deceased. The case was well tried by the learned judge of the court below, and the judgment is affirmed.