## ASSESSMENT OF DAMAGES FOR NUISANCE JOINTLY CREATED.

Circuit Court of Franklin County.

### CITY OF COLUMBUS V. AMOS T. ROHR, EXECUTOR.

Decided, October 10, 1907.

*Nuisance—And Damages for the Creation Thereof—Where Due to the Wrong-doing of Various Parties—Joint Liability in an Action to Abate—But not in an Action at Law for Damages—Separation of Damages—Charge of Court—Error—Pollution of Stream—Noxious Vapors.*

The liability of different persons and agencies contributing by independent action to the production of a nuisance, while joint in a suit in equity to abate the nuisance, is not joint in an action at law for damages; and where a jury is impanneled to assess damages against one only of the independent wrong-doers, they should be instructed to find, with a liberal hand if necessary but as accurately as possible, the amount of damage resulting from the acts of that particular wrong-doer.

WILSON, J.; SULLIVAN, J., and DUSTIN, J., concur.

This action was prosecuted in the court below against the plaintiff in error to recover damages for creating and maintaining a nuisance. It appeared in the evidence that the county infirmary and the garbage plant contributed to the injury by adding to the pollution of the stream which caused the damages to the plaintiff's property. The court charged the jury that the city was not liable for the damages, if any, caused by the garbage plant or the county infirmary, but that if they could not separate the injury done by the city from that done by others, a judgment for the entire damage should be rendered against the city.

The plaintiff below recovered a judgment, and it is here claimed that the judgment should be reversed for error in the charge.

It will be noted the immediate cause of the injury was polluted water and noxious vapors, which could not be sep-

arated, and distributed between the offending parties' but the ground of action was negligently discharging sewage into the stream so as to cause the pollution of the water and air in the vicinity of the plaintiff's premises. The deposit of the sewage was the tort, while the pollution of air and water was only the consequence. There was no concert between the offending parties. Their acts were separate and independent.

In 21 Am. & Eng. Ency., page 719, the general rule is said to be:

"All persons co-operating or participating in the creation or maintenance of a nuisance are liable. * * * But if one acts independently and not in concert with others, he is liable for the damages which result from his own act only. And the fact that it is difficult to measure accurately the damage which was caused by the wrongful act of each contributor to the aggregate result does not affect the rule."

The text is supported by numerous citations from which may be noted: *Little Schuylkill Nav. Co.* v. *Richards, Admr.*, 57 Pa. St., 142; *Chapman* v. *Palmer*, 77 N. Y., 51; *Sellick* v. *Hall*, 47 Conn., 260; *Lull* v. *The Fox & Wis. Imp. Co.*, 19 Wis., 112; *Slogg* v. *Dilworth*, 38 Minn., 179; *Harley* v. *Menill Brick Co.*, 85 Ia., 73; *Lockwood Co.*, v. *Lawrence*, 77 Me., 297; *People* v. *Gold Rim D. & M. Co.*, 66 Cal., 138.

In *Sellick* v. *Hall, supra,* an analogous case, the court in laying down a rule to guide the jury, on page 274, said:

"It may be very difficult for a jury to determine just how much damage the defendant is liable for, and how much should be left for the city to answer for; but this is no more difficult of ascertainment than many questions which juries are called upon to decide. They must use their best judgment and make their result, if not an absolutely accurate one, an approximation to accuracy. And this is the best that human tribunals can do in many cases. If the plaintiff is entitled to damages, and the defendant is liable for them, the one is not to be denied all damages, nor the other loaded with damages for which he is not legally liable, simply because the exact ascertainment of the proper amount is a matter of practical difficulty."

In the case of *The Little Schuylkill Navigation Co.* v. *Richards, Administrator, supra,* which was a case of injury to a

water power by deposits from several independent collieries, the court on page 147 says:

"True, it may be difficult to determine how much dirt came from each colliery, but the relative proportions thrown in by each may form some guide, and a jury in a case of such difficulty caused by the party himself would measure the injury of each with a liberal hand. But the difficulty of separating the injury of each from the others would be no reason that one man should be held to be liable for the torts of others without concert."

In *Partenheimer* v. *Van Order, supra,* where cattle of different owners united in committing a trespass, the rule laid down was that where the owner of the premises could not prove the injury of each cow, the jury would be justified in concluding that each did an equal injury.

In *Lull* v. *The Fox & Wis. Imp. Co., supra,* it is said:

"The argument that there is difficulty in ascertaining the damage by the erection of each dam, *or that it is impossible,* is certainly no reason why one defendant should pay the damages caused by another with whom he is in no way connected."

The authorities are, generally, that persons contributing to the creation of a nuisance, though acting independently, are jointly liable in equity in a suit to abate the nuisance, but they are not jointly, or jointly and severally, liable in an action at law for damages.

In the case of *Boyd* v. *Watt,* 27 Ohio St., 259, it was held in an action to recover damages for habitual intoxication caused by the illegal sales of intoxicating liquors that—

"Where the damages resulting arise from incapacity for business and loss of estate, caused by such habitual intoxication, and it becomes impossible to separate the damages caused by others from those caused by the defendant, he is liable for all such damages, if the natural and probable consequences of his illegal acts were to cause such injury."

Presumably the trial court proceeded upon the authority of that case, which is said by Johnson, J., who wrote the opinion, to present the precise question involved in *Stone*

v. *Dickinson,* 5 Aleen, 29, distinguished in *Little Schuylkill Navigation Company* v. *Richards, Administrator, supra,* from a case like the one at bar. The parties were held therein to be jointly liable because they joined in a single act incapable of division or separation, but authorized by all.

In this case the trial court did not proceed upon the theory that the wrong-doers were jointly liable. On the contrary, the jury were instructed that the defendant was not liable for the injury done by the others. We are constrained both by reason and authority to hold that the case at bar is not of such character as that the court was justified in following the rule in *Boyd* v. *Watt.* On the contrary, the jury should have been instructed to separate the damage done by the city from that done by others, with a liberal hand it may be, but with the nearest approach to accuracy under the circumstances. The amount of sewage discharged into the stream by each, and the degree of polluting properties in each, would furnish an approximate guide to a reasonable division of the damages.

The judgment is reversed for error in the charge, and the cause is remanded for a new trial.

*Geo. S. Marshall,* for plaintiff in error.

*Geo. D. Jones,* for defendant in error.