Frank P. Willard, Appellant, v. Red Bank Oil Company ct al., Appellees.

TORTS—*who not liable as joint tort-feasors.* *Held,* that the acts of each of the defendants in this case in allowing the escape of oil were separate and independent and without any connection with the acts of the others, and that such acts being several when committed, could not become joint because of the consequences which followed.

Action in case. Appeal from the Circuit Court of Crawford county; the Hon. E. E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed November 13, 1909.

FITHIAN & KASSERMAN and I. D. SHAMHART, for appellant.

JOHN R. BROWN, FRANK T. O'HAIR, W. W. ARNOLD and EUGENE MACKEY, for appellees; CALLAHAN, JONES & LOWE, PARKER & CROWLEY, PARKER & NEWLIN, GEE & BARNES, E. W. McARTHUR, GEORGE J. WOLF, CONDO & BROWNE, McCARTY & ARNOLD and MACKEY & SCULLY, of counsel.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This was an action of trespass on the case instituted by appellant against appellees, comprising thirteen different firms and corporations engaged in operating oil wells in the vicinity of appellant's lands.

It was averred in the declaration that appellant was possessed of two hundred acres of land, the surface of which was low and flat; that appellees were operating oil wells on lands near and lying above the land of appellant and having drainage across the same; that it became the duty of appellees to properly care for and consume the waste oil which they caused to be brought to the surface so it would not flow upon the land of appellant. That notwithstanding their duty they negligently permitted the oil from their premises to accumulate on the same and to spread over the surface thereof; that by reason thereof at divers times large quantities of crude oil were carried by water falling upon the lands of appellees down upon the land of appellant and spreading over it, greatly damaged it. Appellees each interposed a plea of the general issue. A jury was selected to try the cause, and upon the close of all the evidence for appellant, the court on motion of appellees gave an instruction to the jury to find each

of them not guilty. The jury returned a verdict as instructed.

It appears from the testimony of the witnesses that some two years prior to the bringing of this suit, the several appellees began to operate oil wells on lands in the vicinity of the land of appellant, ranging therefrom a distance of one and a half to four miles. All of these wells were tributary to a stream called Big Creek which flowed through the lands of appellant. Some of the wells were flowing wells and some were not. In some cases there were not sufficient tanks to hold the oil and it would flow out upon the ground and find its way into adjacent streams and in other cases dams and ponds were made to hold the oil from where it would escape. The wells of appellees being above appellant's lands, when the rains came, the escaped oil would wash into the valley of Big Creek and thence down upon appellant's lands and settling there cause serious injury to the soil, destroying vegetation upon it, and rendering it unfit for cultivation. How much of the oil causing the damage came from the operations of each appellee is not shown, and from the nature of the case, cannot be shown, and the particular acts of appellees in permitting the escape of oil were done by each independently of the other and without concert of action. As part of the evidence there was also a stipulation of the parties as follows:

"It is agreed between plaintiff and defendants that each of the separate defendants operated, during the time mentioned in the declaration, its several leases, wells, tanks and other properties, separately and independently, not concurrently, and without concert with any of the other defendants or either of the other defendants, or any other parties, and that neither defendant has had anything to do with any of the operations of the other defendants, if the word concurrently is not given the meaning contemporaneously."

One of the errors assigned is that the court erred in giving to the jury the peremptory instruction on mo-

tion of appellees to find them not guilty, and this presents the question whether under the evidence including the above stipulation, the action will lie against the appellees as joint tort-feasors.

"Where one has received an actionable injury at the hands of two or more wrongdoers, all, however, numerous, are severally liable to him for the full amount of damages occasioned by such injury, and the plaintiff in such action has his election to sue all jointly or he may bring his separate action against each or any of the wrongdoers." W. St. L. & P. Ry. Co. v. Shacklet, 105 Ill. 364, 381.

"Persons who act separately each causing a separate injury cannot be made jointly liable even though the injuries thus committed are all inflicted at one time." Shearman and Redfield on Negligence, par. 123.

These general rules are elementary in common law actions but in their application to individual cases, it is sometimes difficult to determine whether the parties charged have acted separately so as to make them severally and not jointly liable, or whether they have united in causing a single injury even though acting independently of each other.

In W. St. L. & P. Ry. Co. v. Shacklet, Admx., *supra,* cited and relied upon by appellant, the injury complained of was caused by a collision between a train of the said company and that of another railway company, whereby the deceased who was riding on the engine of the latter company was killed. It was held that the right to recover was not confined to the company upon whose engine the deceased was riding, but that the suit could be maintained against the W. St. L. & P. Ry. Co. if its negligence contributed to the injury and the deceased was in the exercise of ordinary care. In the opinion the general principle hereinbefore quoted is laid down but it is further announced that the question of joint liability is not before the court, and any discussion of it is declined.

The Con. Ice Mach. Co. et al. v. Keifer, Admr., 134 Ill. 481, was a suit against the machine company and a brewery company. The machine company was to erect a tank for the brewery and the brewery was to furnish and put in the supports. When the supports were completed, the machine company told the brewery company they were insufficient and would not support the tank and the brewery company replied they would do. By reason of the insufficient supports, plaintiff's intestate was killed and it was held to be the duty of each of the defendants in the performance of their several parts of that work, to use reasonable care to avoid injury to the servants of either and to third persons, and that they came within the rule of concurrent negligence of two persons, and a judgment against both defendants was upheld.

In the case of Economy Light and Power Co. et al. v. Hiller, 203 id. 519, cited by appellant, both defendants maintained poles and electric wires in the streets; the wires of one crossing above the wires of the other. The charged wire of one defendant dropped upon the wire of the other and coming in contact with it caused the injury. It was held under such circumstances to be the common duty of each defendant to the public to protect its wires from such contact, and a failure to do so resulting in injury showed a concurrent neglect for which they would be jointly liable. It is further said that one is never liable for the wrong of another and if their acts are entirely distinct and separate, there cannot be joint liability. Citing Yeazel v. Alexander, 58 Ill. 254; C. & N. W. Ry. Co. v. Scates, 90 id. 586.

Yeazel v. Alexander, supra, was where the several owners of Texas cattle drove their respective cattle over the herding ground of another at different times, and by reason thereof through one or the other or both of such droves disease was imparted to the owner's cattle. It was held there was no liability and that there could be none without the parties acted in concert or that their conduct naturally produced the acts

which resulted in injury. It was further held that in cases of injuries by animals owned by different persons, there must be a joint interest in the property or concert in its use or management or there can be no joint recovery. The same principle is announced in C. & N. W. Ry. Co. v. Scates, *supra.*

It will be seen in the cases cited that the general principles of law applicable to joint tort-feasors are not difficult, but the difficulty lies in their application to the facts.

It might be contended that some of the cases cited are similar to this in principle, yet the facts and circumstances are entirely dissimilar. While the question of the joint liability for flooding land by the several acts of different owners, has not, so far as we are aware, been considered by the courts of this State, it has been in the courts of sister States.

In Miller v. Highland Ditch Co., 87 Cal. 430, where several persons acting separately and maintaining different ditches whereby waters are turned into a canyon and there commingling, pass through the canyon and flow over the plaintiff's lands, covering it with sand and debris, it was held there could be no recovery against them jointly. To the same effect are Blaisdell v. Stephens, 14 Nev. 17; Chipman v. Palmer, 77 N. Y. 51.

"Persons who deposit filth in a stream at different points cannot be made joint defendants in a suit for damages but each must be sued separately, and recovery can be had against him for only his proportion of the total injury." Martinowsky v. Hannibal, 35 Mo. App. 70.

"Persons who independently and without co-operation or concert of action turn surface water into a drain to the injury of a lower proprietor, cannot be made jointly liable as joint tort-feasors." 109 Ky. 64.

"A person polluting a watercourse is liable in damages only for his own act and not for that of any others who may contribute to the injury. If others have con-

tributed his deposit must be separated by means of the best proof the nature of the case affords and his liability ascertained accordingly." 2nd Farnham Waters 1716; Seeley v. Alden, 61 Pa. St. 302; Chipman v. Palmer, 77 N. Y. 51.

We are of opinion that the acts of each of the defendants in allowing the escape of oil upon its own premises was separate and independent and without any connection with the acts of others and being a several act when committed it cannot be made joint because of the consequences which followed in connection with others who had done similar acts, and while it is true it is difficult or impracticable to separate the injury, that is no reason why one of the defendants should be liable as a joint tort-feasor (among whom there is no contribution) because of the consequences which followed the acts of others who have not acted in concert with it.

The weight of authority sustains the action of the trial court in directing the jury to find each defendant not guilty and it will therefore be unnecessary to consider the other errors assigned.

The judgment of the Circuit Court will be accordingly affirmed.

*Affirmed.*