C. Peter Dorsey, et al., Appellants, v. Material Service Corporation, Consumers Company, Standard Lime and Stone Company, and Dolese and Shephard Co., Appellees.

**Gen. No. 46,750.**

First District, First Division.

April 2, 1956.

Released for publication April 30, 1956.

Loeff & Panter, of Chicago, for appellants; Max Chill, and Norman S. Esserman, both of Chicago, of counsel.

MacLeish, Spray, Price & Underwood, and Baker, McKenzie & Hightower, of Chicago, for appellee Consumers Company; Winston, Strawn, Black & Towner, of Chicago, for appellee Standard Lime and Cement Company; Joseph W. Townsend, and Wendell J. Brown, both of Chicago, of counsel. Thomas J. Downs, and William W. Curran, both of Chicago, for appellee Dolese & Shephard Co.; Thomas J. Downs, and William W. Curran, both of Chicago, of counsel. Schradzke, Gould & Ratner, and Lord, Bissell & Brook, of Chicago, for appellee Material Service Corporation; Benjamin Z. Gould, Gerald Ratner, Stephen A. Milwid, and Richard E. Mueller, all of Chicago, of counsel.

PRESIDING JUSTICE FRIEND delivered the opinion of the court.

This case was here consolidated for hearing with Opal et al. v. Material Service Corporation, No. 46.751, in which an opinion is being concurrently filed.

In this proceeding, fifty-five plaintiffs brought suit against four defendants to enjoin them from continuing the excessive and unreasonable use of explosives in the operation of their quarries, constituting a nuisance, as plaintiffs allege, and to recover damages at law for alleged injuries to their respective properties. The allegations of the amended complaint in this case are substantially the same as in the Opal case, and the reasons assigned in the motions of defendants to dismiss the amended complaint are similar except in the following respects: motions to dismiss in this case raised the further issues that there was a misjoinder of

defendants and multifariousness in that the amended complaint failed to allege joint or collective action between the defendants because the quarries are separate, the operators are competitors, that no one of them has any knowledge of, or control over, the activities of the others, and that if there is a series of transactions with respect to any one of the defendants, none of the other defendants has or claims any interest in any controversy growing out of that series of transactions. Moreover, it is not alleged that any particular defendant or defendants caused the damage or injury charged, or, in particular, that any acts on the part of defendants, or any one of them, were a proximate cause of the injury.

Plaintiffs evidently recognize these circumstances, for in their brief they say that "it will be impossible to attribute the damage of each particular piece of property to a particular blast or a series of blasts, especially when there are three quarries operating within the same village and all being operated by different defendants. Plaintiffs would have no method of knowing the frequency of the blasting operations, the precise places where the blasts were made, the amount of dynamite used in each such blast, or the precise period of occurrence. If that cannot be done with a particular defendant, how much more difficult is the problem when there are three quarries operating within a small area of each other by four different defendants"; and they conclude that in order to settle the liability attributable to each, it is necessary that all be before the court. There is inherent in this situation the difficulty of equating the blasts of any one or more of the defendants with the damage to any one or more individual property owners. Moreover, since the acts of each of the defendants is conceded to have been separate and independent and without any connection with the acts of the others, and the operations having been several acts when committed, they cannot be made

joint because of the consequences which followed in connection with other similar quarry operations.

Willard v. Red Bank Oil Co., 151 Ill. App. 433, cited by defendants, points up the insurmountable difficulty. In that case plaintiff sued thirteen defendants who had oil wells from one to four miles from his property and on higher lands. He alleged that when the rains came oil which escaped and flowed upon their lands was brought down into a creek, and from the creek, by the overflow of it, upon plaintiff's lands, with resultant injury. That case was permitted to go to trial; the court ruled that proofs had to be separated and ultimately directed a verdict on the ground that plaintiff failed to prove his case against any one of the defendants. In affirming, the Appellate Court said: " 'A person polluting a watercourse is liable in damages only for his own act and not for that of any others who may contribute to the injury. If others have contributed his deposit must be separated by means of the best proof the nature of the case affords and his liability ascertained accordingly.' 2nd Farnham Waters 1716; Seeley v. Alden, 61 Pa. St. 302; Chipman v. Palmer, 77 N. Y. 51. We are of opinion that the acts of each of the defendants in allowing the escape of oil upon its own premises was separate and independent and without any connection with the acts of others and being a several act when committed it cannot be made joint because of the consequences which followed in connection with others who had done similar acts, and while it is true it is difficult or impracticable to separate the injury, that is no reason why one of the defendants should be liable as a joint tort-feasor (among whom there is no contribution) because of the consequences which followed the acts of others who have not acted in concert with it."

■ ■ In the main, what we said in the Opal case is applicable to this cause. We hold that there was not a misjoinder of plaintiffs in this proceeding for the

431

reasons stated in the Opal opinion. However, we think there was a misjoinder of four defendants, and, for the reasons herein given, that the court properly dismissed Count II of the amended complaint.

 There still remains the question whether the continuing blasts by one or more of the defendants constitute a nuisance for which injunctive relief will lie. If, as defendants contend, the damages caused by any blasting cannot be determined, that fact should not deprive a court of equity of jurisdiction to examine into the acts of defendants for the purpose of determining whether injunctive relief to plaintiffs may be necessary to enable them to enjoy the peaceful possession of their homes to which they are entitled. Accordingly, we hold that the court erred in dismissing Count I of the amended complaint. The order of the Circuit Court is therefore reversed as to the dismissal of Count I and affirmed as to the dismissal of Count II, and the cause is remanded with directions that defendants answer Count I, and for further proceedings not inconsistent with the views expressed herein and in the Opal case.

Order reversed as to dismissal of Count I and affirmed as to dismissal of Count II, and the cause remanded with directions.

NIEMEYER and BURKE, JJ., concur.