[No. 6,492.—In Bank.]

## R. HILLMAN *v.* J. G. NEWINGTON.

PARTIES—JOINDER—TRESPASS.—The plaintiff was entitled to the use of 400 inches of water flowing in a creek; the defendants severally diverted water from the stream so as, in the aggregate, to diminish the flow available to the plaintiff to a quantity less than 400 inches. *Held*, that it was proper to join the defendants in an action to recover damages for the diversion, and to restrain its continuance.

ID.—ID.—ID.—DAMAGES—COSTS.—In such case, it is proper, as against the defendants, to apportion the costs and damages recovered by the plaintiff equally among the defendants.

APPEAL from a judgment for the plaintiff, in the Twenty-first District Court, County of Lassen. CLOUGH, J.

The Court found, as a conclusion of law, that the damages and costs should be apportioned equally between the defendants. The judgment on this point was, " that the costs be apportioned."

*E. V. Spencer*, for Appellant.

There is a misjoinder of parties defendant.

Section 379 of the Code of Civil Procedure reads : " Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff."

The plaintiff had a separate controversy with each one of the defendants. The party defendant in one of these controversies has no possible interest in the result of either of the others. They each depend upon separate evidence, and upon separate and different rights, which rights were acquired at different times, are held by different persons, and are each necessarily antagonistical to the other. By what authority of law or equity can all these separate and antagonistical rights, parties, and controversies be joined as one party to an action? It is an old and familiar rule of practice, that those who are united in interest may be joined as parties plaintiff or defendant. This is provided in § 382 of the Code of Civil Procedure ; and this very provision seems to exclude the possibility of joining those who are not so united.

This action is founded exclusively on *tort*.

Hilliard on Remedies for Torts, at page 179, says : " In cases brought for separate acts done by two or more defendants, if there has been no concert, no common interest, there is no joint liability." The same author, in his work on Torts, 2nd vol., p. 297, says : " Persons are not jointly liable for a tort merely because they may have some connection with it, even if it be such as to give a cause of action against them. * * * There must be a co-operation in fact. * * * There must be some community in the wrong-doing among the parties who are to be united as codefendants. * * * The injury must be in some sense their joint work."

Dicey on Parties to Actions, side page 432, says : " Where an action is brought against several co-defendants, it is essential that the wrong complained of be joint."

See also on this subject : *Keyes* v. *Little York Mining Co.* 53 Cal. 724 ; *Pierce* v. *Minturn*, 1 id. 470 ; *Page* v. *Fowler*, 39 id. 412 ; *Lull* v. *F. & W. Improvement Co.* 19 Wis. 100 ; *Cogswell* v. *Murphy*, 46 Iowa, 44 ; Pomeroy's Remedies and Remedial Rights, side page 480–482 ; Story's Equity Pleadings, top page 266, § 271 ; *Schultz* v. *Winter*, 7 Nev. 234 ; *Andrews* v. *Pratt*, 44 Cal. 319.

Again : the findings do not support the judgment. The findings from first to last show separate acts, separate interests, separate rights, and separate liabilities. The joint judgment

for damage was unjust, in that it made the man who had committed but a slight trespass in taking only a very small quantity of water pay damage equally with one whose trespass had caused great damage.

*E. Steele*, and *J. S. Chapman*, for Respondent.

The defendants are properly joined in this action. Any person may be made a defendant who has or claims an interest adverse to the plaintiff. (Code Civ. Proc. § 379.) The plaintiff here claimed a right to have the waters of Willow Creek flow down their channel to the head of plaintiff's ditches sufficient to fill the same to their capacity, and which was fixed at 400 inches, measured under a four-inch pressure. And by the terms of the statute, anybody who claimed an interest adverse to plaintiff's claim might be made a party defendant.

The defendants did claim an interest adverse to the plaintiff.

It has been the practice in this State for years for a plaintiff in ejectment to sue all who are in possession of the tract claimed; and whether this possession is joint or they are holding separate parts, claiming distinct interests under different titles makes no difference; and even if defendants were claiming in hostility to each other, they might still be joined.

The object of the action is to recover the possession of the land, and the whole of it, and he may sue as many parties as it is necessary to sue to accomplish that purpose.

In this case, the plaintiff complains of a single injury. It is not true that each diversion by each defendant is a separate controversy. Each diversion may or may not have been a cause of action.

Suppose that, after the diversion of any one of the defendants, there had still been sufficient left to fill plaintiff's ditches, then such diversion would have constituted no cause of action; and this may have been true of each, but the joint result of all is, that the plaintiff's right was invaded; and if the plaintiff must sue upon the theory that the act of each defendant was a wrongful invasion of plaintiff's right, then I suppose he is equally bound to prove it at the trial. But in the case supposed, it could not be proven, and therefore, if he could not join all the defendants, he could have no remedy at all, although by the

effect of all the acts of all the defendants he is deprived of all the water to which he is entitled.

The diversion of a water-course is a nuisance. (*Parke* v. *Kilham*, 8 Cal. 77; Angell on Water-Courses, § 388.)

Now, if one engaged in manufacturing and dying woolen goods discharge the dye-stuff in the stream in such quantities as to materially corrupt the quality of water, and render it unfit for the use of a riparian owner below, it would no doubt be a nuisance, for which an action would lie.

Suppose a half-dozen different persons were engaged in such business, and each discharging the corrupting article in the stream, could they not be joined? And if not, then if the amount sent into the stream by any one of them would not alone materially corrupt the quality, the owner injuriously affected would have no remedy at all.

Take a case which is now engaging the attention of the courts and the people of California. Suppose a dozen different companies, having no joint interest, and acting without concert, engaged in hydraulic mining in the same vicinity, and washing the debris from their claims into the same stream, by which they are carried down upon some farm, and it is destroyed. Now, without attempting to anticipate the determination of the question, whether an action would lie at all against any one, let us assume that the action would lie. Can they not all be joined? If not, how is he whose property is destroyed to show that any injury at all would have resulted from the operations of one only of the parties?

In all such cases, it will be seen that it is not necessarily true that the act of one of the parties only would amount to a nuisance, but the nuisance results from the combined effect of all their operations; or rather, it is the aggregate result that is the nuisance.

As to the apportionment of the costs, we admit the judgment ought to have apportioned the costs and damages as directed by the Court. But it will be seen that the findings were prepared and signed by the judge, and the judgment was entered by the clerk; and as the judgment did not follow the order of the Court, it could have been made to conform to his directions by motion, and no appeal was necessary. (*Anderson* v. *Parker*,

6 Cal. 197; *Browner* v. *Davis*, 15 id. 9; *Chapin* v. *Broder*, 16 id. 403; *Leviston* v. *Swan*, 33 id. 480.)

The Court did not abuse its discretion in apportioning the whole of the costs equally. The defendants all denied the right of plaintiff. They all admit that they diverted the water, and claimed the right to do so, and they threaten to continue the same.

It was asked at the argument, if the second appropriator on this stream might have taken the amount appropriated by him without diminishing the quantity to which plaintiff was entitled, whether he ought to pay any part of the costs. We answer: 1st. That, having denied plaintiff's right, and set up a claim of his own, it was in the discretion of the Court to impose the costs, and there is nothing in the record to show any abuse of that discretion. 2nd. As the plaintiff's right is adjudged to be prior to that of all the defendants, no one of them had any right to any water till the plaintiff's claim was first satisfied. The second appropriator had no more right to divert any part of the water till plaintiff's ditches were first filled than the third or fourth. As against the plaintiff, they were all wrong-doers.

*E. V. Steele*, for Respondent Steele.

This is in nature of trespass, and can be maintained against all parties that are engaged in doing the wrongful acts at the same time, though not in concert or agreement, as the combined acts of defendants deprived plaintiff of his rights. (*Henshaw* v. *Clark*, 14 Cal. 463.) In this case, the Court restrained the several acts of defendants in digging gold, cutting ditches, etc., in one action. (*Hicks* v. *Michael*, 15 Cal. 115.) The Court, in an action joining all of those committing waste in one action, takes equitable jurisdiction, and orders injunction. In *Winans* v. *Christy*, 4 Cal. 80, the Court says: "That it is objected that the judgment is joint against defendants, and that they claim different portions of the premises. The plaintiff may elect to sue one or more defendants, and they may answer separately, or demand separate verdicts; unless they do so, they will be concluded by the general verdict." In the case at bar, the defendants did not answer separately, or claim separate verdicts.

*Rhodes & Barstow*, also for Respondent.

A satisfactory answer to the defendant's point is, that, in cases of this character, it is not a misjoinder of parties or causes of action to aver several acts of appropriation or diversion of the waters of a stream to which the plaintiff alleges a prior and superior right.

In many cases, such joinder would not only be proper, but indispensable; for in the absence of such parties, the plaintiff could have nothing determined which would reach and settle the matter in controversy. Suppose that the stream affords 1,000 inches of water, that the plaintiff claims an appropriation superior to that of all others of 500 inches, and that A, B, C, and D each appropriated and diverted 250 inches from the stream. In an action against either A, B, C, or D, the plaintiff would be defeated, for the defendant would show that he had left in the stream 750 inches, which would be more than enough to supply the plaintiff.

If it be urged that the plaintiff should have brought his action against that one of the four persons whose right to appropriate the water was subordinate or inferior to that of two or more of the others, the answer would be, that that question *could not* be determined, except in an action to which those other persons were parties.

The plaintiff, manifestly, could not be required to determine that question in advance of his action, as it might, and in its nature must, depend upon various acts of appropriation, contracts, conveyances, estoppels, prescriptions, etc., made or operating as between the four appropriators of the water.

The *subject* of the action is the right to appropriate the waters of the stream. The plaintiff and each of the defendants claim the right to appropriate a portion of its water. All of them cannot be supplied to the full extent of their claims; and the question therefore arising is, Which party has the superior right? And it would seem, that, for that purpose, the presence of all the defendants is necessary.

The following authorities are cited to show the character of this action: *Eddy* v. *Simpson*, 3 Cal. 249; *Kelly* v. *Natoma W. Co.* 6 id. 105; *Priest* v. *Union C. Co.* id. 170; *Gale* v. *Tuol-*

*umne W. Co.* 14 id. 25; *Parke* v. *Kilham*, 8 id. 78; *Burnett* v. *Whitesides*, 15 id. 35; *Phœnix W. Co.* v. *Fletcher*, 23 id. 484; *Union W. Co.* v. *Crary*, 25 id. 505; *Kidd* v. *Laird*, 15 id. 161; *Ferrea* v. *Knipe*, 28 id. 340; *American Co.* v. *Bradford*, 27 id. 362; *Davis* v. *Gale*, 32 id. 30; *Ortman* v. *Dixon*, 13 id. 35; *Smith* v. *O'Hara*, 43 id. 371; *Stein C. Co.* v. *Kern I. C. Co.* 53 id. 563.

Authorities upon the point of multifariousness or misjoinder: *Whaley* v. *Dawson*, 2 Schoales & L. 370; *Brinkerhoff* v. *Brown*, 6 John. Ch. 157; *Gaines* v. *Chew*, 2 How. 642; *Wilson* v. *Castro*, 31 Cal. 427; *Murray* v. *Hay*, 1 Barb. Ch. 62; *Ballou* v. *Inhab. of H.* 4 Gray, 325; *Reid* v. *Gifford*, Hopk. Ch. 473; *C. P. R. R. Co.* v. *Dyer*, 1 Sawy. 641; *Campbell* v. *Mackay*, 1 Mylne & C. 603; Mitford Plea. (Multifariousness) 147; *Att'y-Gen.* v. *Cradock*, 3 Mylne & C. 85; *N. Y. & N. H.* v. *Schuyler*, 17 N. Y. 603; *Salvidge* v. *Hyde*, 5 Madd. 138; *Belknap* v. *Trimble*, 3 Paige, 577; Story Eq. Pl. §§ 530–533.

SHARPSTEIN, J.:

The respondent Hillman brought an action against eight defendants, the appellants herein, and alleged that he was entitled, by virtue of a prior appropriation, to 1,600 inches of the water flowing in a stream known as Willow Creek, and that the appellants diverted the waters of said creek from the natural channel thereof, so as to prevent them from flowing into the plaintiff's ditches, and thereby deprived him of the water to which he was entitled. He further alleged, that the defendants threatened, and intended unless restrained by an order of the Court, to continue said diversion and deprivation, and prayed that they be enjoined from so doing. There are other allegations of damages, and a demand of judgment therefor. Most of the material allegations of the complaint are specifically denied by the defendants. They first "deny that they have any joint interest in the subject-matter of this action, or that they have jointly done any act or thing mentioned in the complaint; or that they are jointly liable to the plaintiff in any matter or thing connected with or growing out of the subject-matter of the action, either of the matters or things mentioned or set out

in the complaint, or of the matters hereafter mentioned and set out in this answer.

" And the defendants aver, that their rights and interests in all matters connected with the subject-matter of this action are separate and independent of each other, and that for these reasons they are improperly joined as defendants in this action."

Afterwards they allege, that each of the defendants is the owner and in the actual possession of a separate and distinct tract of land; and that each of them has, without any connection with any other, diverted a distinct and separate part of the water of said creek for his individual use. In other words, that they have acted severally, and not jointly, in the premises.

The Court found, that the right of the plaintiff to 400 inches of the waters of said creek, measured under a four-inch pressure, were prior and paramount to the rights of the defendants, or any of them, in said waters; and that the defendants had severally, and not in concert, diverted said waters to such an extent that said 400 inches " did not pass down to the heads of plaintiff's ditches." The judgment of the Court is, that the defendants be perpetually enjoined from " diverting said waters, or any part of them, from their natural channel, during the months of April, May, and June of each year, to such an extent as that 400 inches of water, measured under a four-inch pressure, shall not pass down the channel of Willow Creek below the head of the defendant Newington's ditch and to the head of the plaintiff's upper ditch"; and that the plaintiff recover of the defendants $1 damages, and the costs of suit, taxed at $787.91; and that as between the defendants the costs and damages should be apportioned. From that judgment, the defendants appeal.

The point most strongly pressed upon our attention by appellant's counsel is, that there is a misjoinder of parties defendant, because they did not act jointly or in concert in diverting the plaintiff's water. It does appear, however, that the plaintiff is entitled to a certain quantity of water, of which he is deprived by the defendants. None of them have a right to use any of the water of Willow Creek, unless there is more than 400 inches flowing in it. If there be more than that amount flowing in it at any time, the plaintiff has no interest in the surplus. What the respective rights of the defendants may be in it, in no way concerns him.

It is not at all improbable that no one of the defendants deprives the plaintiff of the amount to which he is entitled. If not, upon what ground could he maintain an action against any one of them ? If he were entitled to all the water of the creek, then every person who diverted any of it would be liable to him in an action. But he is only entitled to a certain specific amount of it, and if it is only by the joint action of the defendants that he is deprived of that amount, it seems to us, that the wrong is committed by them jointly, because no one of them alone is guilty of any wrong. Each of them diverts some of the water. And the aggregate reduces the volume below the amount to which the plaintiff is entitled, although the amount diverted by any one would not. It is quite evident, therefore, that without unity or concert of action, no wrong could be committed; and we think that in such a case, all who act must be held to act jointly.

If there be a surplus, the defendants can settle the priority of right to it among themselves. That can in no way affect the plaintiff's right to the amount to which he is entitled. It does not seem to us that the defendant's answer, that each one of them is acting independently of every other one, shows that the wrong complained of is not the result of their joint action ; and if it does not, the answer in that respect is insufficient to constitute a defense. The case, so far as we are advised, is *sui generis.* No parallel case is cited by either side. The objection that the judgment does not apportion the payment of the damages and costs *equally* between the defendants, can be obviated by a modification of the judgment in that respect. And it is ordered that it be so modified ; and with that modification, it is affirmed.

MORRISON, C. J., MYRICK, J., ROSS, J., and THORNTON, J., concurred.

McKINSTRY, J., concurring specially:

I concur in the judgment.