[No. 14017.    Department Two. — January 5, 1891.]

GEORGE MILLER, RESPONDENT, v. THE HIGH-
LAND DITCH COMPANY ET AL., APPELLANTS.

SEVERAL TORTS — COMMON INJURY — DAMAGES — JOINT ACTION. — Several
tort-feasors, not acting in concert or by unity of design, are not liable to
a joint action for damages, although the consequences of the several torts
have united to produce an injury to the plaintiff.

ID. — INJUNCTION. — An injunction will be sustained in such case against
all the tort-feasors.

ID. — DITCHES — DÉBRIS — INJUNCTION — JOINT JUDGMENT FOR DAMAGES.
— Where *débris* is deposited upon the lands of the plaintiff by means of
different ditches constructed and operated by several defendants, between
whom there was no concert of action, a joint action may be maintained
to enjoin them all from continuing the wrong, but a joint judgment for
damages in such action is erroneous, and will be reversed.

APPEAL from a judgment of the Superior Court of San
Bernardino County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*Waters & Gird, Curtis & Otis,* and *George E. Otis,* for
Appellants.

*Willis, Cole & Craig,* and *Harris & Gregg,* for Re-
spondent.

McFARLAND, J. — Plaintiff was the owner of a tract
of land situated about one mile southerly from the
San Bernardino range of mountains. Part of the tract
was in a high state of cultivation. Coming out of said
mountains, and trending towards plaintiff's land, but not
reaching it, is a cañon called Baldridge Cañon. The
natural waters of said cañon would not flow upon
plaintiff's land, but, as found by the court, "would
spread out on the lower lands without cutting any par-
ticular channel, the tendency of the flow being to spread
out over the said lower lands north of plaintiff's prem-
ises and become absorbed in the soil. But the defend-

ants, by means of three different ditches, turned foreign water into said cañon, and the commingling water from said ditches passed through said cañon, and by cutting new channels, etc., flowed out and over plaintiff's land, covering part of it with sand and *débris*, and thus doing him damage. All of the ditches, however, were not owned jointly by all of the defendants. Each ditch was owned and operated by part only of the defendants, who had no interest in the other ditches, and there was no concert of action — that is, no common design — between the owners of one ditch and the owners of the other ditches. The action was brought to enjoin all the defendants from continuing the wrong, and also to recover damages jointly against all the defendants for the injury already done. The court gave judgment decreeing an injunction, and also adjudging damages against all the defendants jointly for $972.33. Defendants appeal from the judgment, and from an order denying a new trial; and the only point they make is, that the joint judgment for damages is erroneous because there was no concurrent or joint act or negligence on the part of defendants which caused the damage.

It is clear that the rule as established by the general authorities is, that an action at law for damages cannot be maintained against several defendants jointly, when each acted independently of the others, and there was no concert or unity of design between them. It is held that in such a case the tort of each defendant was several when committed, and that it does not become joint because afterwards its consequences united with the consequences of several other torts committed by other persons. If it were otherwise, say the authorities, one defendant, however little he might have contributed to the injury, would be liable for all the damage caused by the wrongful acts of all the other defendants, and he would have no remedy against the latter, because no contribution can be enforced between tort-feasors. (*Chipman* v. *Palmer*,

77 N. Y. 51; *Little Schuylkill Nav. Co.* v. *Richards*, 57 Pa. St. 182; *Sellick* v. *Hall*, 47 Conn. 260; Gould on Waters, sec. 222; Pomeroy on Remedies, secs. 307, 308.) The case of *Blaisdell* v. *Stephens*, 14 Nev. 17, is very similar to the case at bar, and involved the very point under discussion. In that case several defendants were sued " for wrongfully flowing waste water from their lands, to the injury of plaintiff's ditch, and for an injunction to restrain such wrongful flowing of waste water." It appeared, however, that the defendants " own, occupy, and irrigate separate and distinct tracts or parcels of land, each in his own right"; and they moved for a nonsuit upon the ground that it did not appear that the injury complained of "was the result of the joint or concurrent act of defendants." The trial court overruled the motion, and, on appeal, the supreme court of Nevada held that the nonsuit should have been granted, and said in its opinion: "The general principle is well settled that where two or more parties act, each for himself, in producing a result injurious to plaintiff, they cannot be held jointly liable for the acts of each other." On rehearing, however, it was held that the injunction against defendants was proper; but the judgment, so far as it awarded damages, was reversed.

The principle has not been changed in this state, either by statute or judicial decision. The latest authority on the point here is *People* v. *Gold Run D. & M. Co.*, 66 Cal. 138. That was a case where it was sought, by the equitable remedy of injunction, to restrain the commission of acts similar to those complained of in the case at bar, and the appellant sought to invoke, as against the injunction, the principle above stated as applicable to actions at law for damages. This court held, however, that the rule did not apply to the equitable remedy; but it expressly stated that it would apply to an action for damages. Counsel for appellant, in support of their position, had cited a number of cases; and in alluding to them,

this court said as follows: " Each of those cases was decided upon the principle that where several persons acting independently of each other engage in the commission of wrongful acts, the torts are distinct, and not joint, and each is only severally liable for the injury caused by his own acts, and not for the torts of others with whom he was not acting in concert. There can be no doubt of the correctness of that principle, and of its applicability to an action at law for the recovery of damages for the violation of a private right." It may be contended that the earlier case of *Hillman* v. *Newington*, 57 Cal. 56, established a different doctrine; but it must be remembered that the main purpose of that action was to procure and maintain an injunction. The judgment awarded only nominal damages,— one dollar. Before that time there had been some doubt whether several wrong-doers acting independently could be joined in an equitable proceeding to procure an injunction against all; and indeed it had been once held in this state (*Keys* v. *Little York etc. Co.*, 53 Cal. 724) that it could not be done. The language of the court in *Hillman* v. *Newington*, must therefore be considered as referring especially to the right of equitable remedy. There was practically no question of damages before the court, and no question was raised as to the distinction between the equitable and the legal remedy. The case is referred to in the opinion of the court in the later case of *People* v. *Gold Run D. & M. Co.*, 66 Cal. 138, above mentioned, where *Hillman* v. *Newington* is evidently considered as settling only the equitable remedy. (And of course the distinction is very plain between holding one defendant liable for the past wrongs of all the others, and simply enjoining all from committing wrong in the future.) We think, therefore, that, under the law as clearly settled, the joint judgment against the defendants for damages is erroneous.

We have considered this case somewhat at length, because it is contended that the rule as above stated will

in some instances work a hardship to owners of property injured by the joint consequences of acts of several persons not acting in concert. No doubt there may be cases where it would be difficult to make sufficient proof against one of such persons if sued separately. But it cannot be made clear that the opposite rule would work less wrong. At all events, we must declare the law as we find it. If the law were changed so that in a case like the one at bar a several judgment could be given against each defendant for the proportionate part of the joint damage which his individual acts had caused, it may be that such change would be in furtherance of justice. But the suggestion of such change could be properly made only to the law-making power.

The judgment appealed from, so far as it awards damages against defendants, is reversed, and in all other respects the judgment is affirmed. Let appellants recover the costs of this appeal.

Order overruling motion for new trial affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.