EFFIE J. RYAN *v.* THE CINCINNATI TRACTION CO. AND THE CITY OF CINCINNATI.

1. In a suit for damages against two or more persons on the ground of negligence, the petition is demurrable for misjoinder, unless it appear that the tort complained of was a joint tort.
2. There is an improper joinder of actions where the element of negligence relates to entirely distinct and independent conditions not in themselves connected.

HOSEA, J.

Heard on demurrer to petition: (1) Misjoinder of defendants; (2 and 3) Improper joinder of causes of action; (4) Deficiency of facts sufficient, etc.

The facts alleged are, in brief, that plaintiff was injured in alighting from a car by stepping into a hole in the street pavement; and charges negligence against the traction company in maintaining an insufficient step on the car from which to alight, and in stopping the car at an improper place to alight; and against the city for failing to keep the street pavement in proper condition; whereby the injury

is claimed to have resulted from the combined negligence of both.

The petition seems to me to be demurrable in principle, unless governed by counter authority (to which I will advert later), for the reasons clearly set forth in the case of *Morris* v. *Woodburn,* 57 O. St., 330, wherein the court says:

"But while the tort of the city consisted in the failure to discharge a duty imposed by statute, that alleged against Mrs. Morris consisted in the creation of a nuisance dangerous to those using the walk. These are concurrent and related torts, but they are not joint. In view of their independent character, the plaintiff might, at her election, maintain her action either against the city for its omission of duty, or against Mrs. Morris for the creation of the nuisance which caused the injury."

In the case cited the nuisance consisted in a defective grating over a cellar-vault in a public pavement in front of Mrs. Morris' premises; and the negligence of the city consisted in suffering the pavement to remain in a dangerous condition caused by such defect of which it had knowledge.

The element of negligence, therefore, related to the same physical fact; whereas, in the case at bar, it relates to entirely distinct and independent conditions not in themselves connected. In the cited case demurrers for misjoinder were nevertheless sustained in the court below; and the court above sustained this action and supplied the reasons given.

The principle is well settled that the several acts of different people will not authorize their joinder as defendants even where they result in one injury. It is only a *joint* act, or a joint negligence in respect of the same act, that will justify joinder; and this I understand to be the rule deducible from the case of *Street Railway Co.* v. *Murray, Administrator, et al.,* in 53 O. St., 570, based upon a death resulting from collision between a railway train and a street car crossing the railway tracks, in which case the

Supreme Court pass without objection the following charge to the jury:

"Both railroad and street railway might be found guilty of the wrongful act causing the injury, if both were concurrent in point of time and fact, and the wrongful act of each was the direct and proximate cause of the injury."

In the case just cited, however, the question of misjoinder was nowhere raised by the parties, and, therefore, must be regarded as waived. In view of the very explicit ruling in the case first above cited, which is later in date, the earlier one can not be regarded as binding authority upon the direct question. Moreover, in the case of a collision, there is but one physical fact to deal with; and it may be fairly said that both parties contributed jointly and directly to the injury by their positive acts.

The case of *Howard* v. *Union Traction Company,* 179 Penn., 391 (1900), is on all fours with the case at bar in its facts. There the plaintiff was injured by alighting from a street car at a place where the gas company had placed a block of wood over a recently filled trench, and the court says:

"An averment that the conductor directed plaintiff to get off the car at a dangerous place does not, in connection with the allegation of negligence against the gas company, show a united negligent act in any sense.

"There was no community of fault by the two defendants in the act which occasioned the injury, and neither defendant had the least participation in or control over the negligent act of the other."

To the same general effect is 87 Cal., 430, *Miller* v. *Ditch Company,* wherein it is held that while a joint injunction will lie to prevent the continuance of a common wrong, yet a claim for damage can not be enforced against the parties jointly, because there was no concurrent negligence. The distinction made was that existing between equitable and legal remedies.

The case of *Gutridge* v. *Vannatta et al.,* 27 O. St., 366, cited against the demurrer, holds that where a sufficient

case is stated against one party the "case is not spoiled" —to use the language of the commission—"by joining other parties against whom no cause of action exists." Judgment of dismissal should not have followed the sustaining of a demurrer for misjoinder, as was done by the court below. The demurrer was manifestly improper, because there was not a misjoinder of parties against whom causes of action existed, but no cause of action at all against one of the parties joined. The defect might, perhaps, have been reached by motion to dismiss the superfluous party.

I am satisfied that the demurrer here is well taken upon the first, second and third grounds.

Demurrer sustained.

*Thomas B. Paxton, Jr.,* and *George H. Warrington,* for the demurrer.

*Michie & Green,* contra.