## Sun Company et al. v. W. C. Wyatt.

### Decided January 6, 1908.

**1.—Nuisance—Damages—Parties.**

Where a nuisance results from the acts of several persons acting separately, they cannot be joined as defendants in an action for damages. Several companies acting independently laid their pipe-lines in and along a drainage ditch in a street, whereby the ditch was obstructed and the water caused to overflow and damage plaintiff's premises. Held, the joinder of all said companies as defendants in an action for damages was a misjoinder of causes of action. Each company was separately liable for the damage caused by it.

**2.—Same—Permission to Construct, no Defense.**

Neither the fact that a pipe-line company obtained permission from the

Commissioners' Court to lay its lines along a street, nor the fact that the company was not guilty of negligence in the manner of laying the pipe, would relieve it from liability for damage to private property if a nuisance was thereby created.

### 3.—Same—Liability.

If two corporations are separate and distinct it matters not what their business connections may be; one is not liable for the tortious acts of the other.

Error from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*Greer, Minor & Miller,* for plaintiffs in error.—The court erred in overruling the special demurrer, setting up that said petition, insofar as it is a suit for damages, misjoins the parties defendant herein in this: It contains no averments of a common ownership or operation of the pipe lines in question; nor does it allege any common design, purpose, concert or joint action on the part of the defendants in causing or maintaining the nuisance and other wrongs alleged by plaintiff, but, on the contrary, it clearly appears from the petition that the defendants are distinct corporations owning separate pipe lines which they severally operate without any connection and independently of each other, and that each defendant is liable for the injuries, if any, caused by it, and can only be sued in a separate action therefor. Edwards v. Buchanan, 14 Texas Civ. App., 275; Mexican National Construction Co. v. Middlegge, 75 Texas, 637; Neville v. Mitchell, 28 Texas Civ. App., 89; Stewart v. Gordon, 65 Texas, 344; Gallagher v. Kemmerer, 27 Am. St. Rep., 673; Swain v. Tennessee Copper Co., 78 S. W. Rep., 93; Miller v. Highland Ditch Co., 22 Am. St. Rep., 254; 14 Ency. of Pl. and Pr., p. 1108; Chipman v. Palmer, 33 Am. Rep., 566; Little Schuylkill Co. v. Richards, 98 Am. Dec., 209; Lull v. Fox & Wisconsin Improvement Co., 19 Wis., 112; Dyer v. Hutchins, 10 S. W. Rep., 194; Gay v. State, 18 S. W. Rep., 260; Blaisdell v. Stephens, 33 Am. Rep., 523; Valparaiso v. Moffit, 54 Am. St. Rep., 524; People v. Oakland Water Co., 50 Pacific Rep., 305; Sloggy v. Dilworth, 8 Am. St. Rep., 656; Martinowsky v. Hannibal, 35 Mo. App., 70; Loughran v. Des Moines, 34 N. W. Rep., 172; Bowman v. Humphrey, 100 N. W. Rep., 854; Tennessee Coal Co. v. Hamilton, 14 So. Rep., 167.

*McDowell & Duffie* and *C. A. Lord,* for defendant in error.—The petition in this cause sufficiently charges a concurrent injury, the result of the combined acts of all the defendants; injury to which the acts of each and all of the defendants contributed. Markham v. Houston Direct Navigation Co., 73 Texas, 247; Galveston, etc., R. R. Co. v. Croskell, 25 S. W. Rep., 487, 488; Gulf, C. & S. F. Ry. Co. v. Godair, 3 Texas Civ. App., 517; Marrs v. Lumpkins, 22 Texas Civ. App., 452; Wilkins v. Ferrell, 10 Texas Civ. App., 231; Southwestern Telegraph & Tel. Co. v. Crank, 27 S. W. Rep., 40; Snyder v. Witt (Tenn.), 42 S. W. Rep., 441; Westfield Gas & Milling Co. v. Abernathey, 35 N. E. Rep., 399; City of Kansas City

v. Shangstrom, 53 Kan., 431, 36 Pac. Rep., 706; Flaherty v. North-
ern Pac. R. Co., 40 N. W. Rep., 160; Colegrove v. New York & N.
H. R. R. Co., 20 N. Y., 492; Chicago, etc., R. R. Co. v. Marshall,
75 N. E. Rep., 973; Elkhart Paper Co. v. Fulkerson, 75 N. E. Rep.,
283; Upson Coal & Min. Co. v. Williams, 7 Ohio C. C., 293; 1
Jaggord on Torts, p. 213, sec. 67; Shearman & Redfield on Negli-
gence, sec. 122; 15 Encyclopedia Pleading and Practice, pp. 557, 558.

REESE, ASSOCIATE JUSTICE.—This suit was instituted in the
District Court by W. C. Wyatt against the Sun Company, the Security
Oil Company, and the Higgins Oil & Fuel Company, seeking to
recover damages for a nuisance alleged to have been created by the
placing, operation and maintenance of certain pipe lines by defend-
ants for the conveyance of crude oil, along the street in front of
his premises. An injunction was also prayed for, but that issue is
not involved in this appeal. By the verdict of the jury plaintiff
was awarded damages as follows: Against the Security Oil Com-
pany, $700; against the Sun Company, $500, and against the
Higgins Oil & Fuel Company, $300. From the judgment defendants
prosecute this appeal by writ of error.

The gravamen of plaintiff's action is that the defendants, each of
whom, it is alleged, has acted for itself, laid their pipe lines in the
ditch alongside of Highland Avenue in the city of Beaumont, on
which plaintiff has his residence, and immediately in front of plain-
tiff's premises; that the combined result of these acts obstructed
the flow of the surface water through the ditch; that by reason of
leakage, oil, which was being conveyed through the pipe lines, ran
into the ditch, and after a rainfall, by the overflow of this water,
caused by the obstruction aforesaid, was carried by the water and
deposited upon plaintiff's premises, causing him the damages claimed.

Defendants each severally pleaded a special demurrer to plain-
tiff's petition for misjoinder of parties defendant. Referring to
plaintiff's petition defendants aver in their special demurrer that
"It contains no averments of a common ownership or operation of
the pipe lines in question; nor does it allege any common design,
purpose, concert or joint action on the part of the defendants in
causing or maintaining the nuisance and other wrongs alleged
by plaintiffs; but, on the contrary, it clearly appears from the petition
that the defendants are distinct corporations, owning separate pipe
lines which they severally operate without any connection and inde-
pendently of each other, and that each defendant is liable for the
injuries, if any, caused by it, and can only be sued in a separate
action therefor." These special demurrers were each severally over-
ruled and this action of the trial court is made the basis of the first
assignment of error.

So much of the petition as is necessary to show the force of these
demurrers is as follows:

"That each of the defendants, which are each corporations, as
aforesaid, are engaged in the oil business, and as such transfer and
convey oil by means of pipe lines; that the said defendants, and each
of them, in the prosecution of their business, and in conveying crude

oil by means of their pipe lines aforesaid, constructed, laid and established their said pipe lines along said Highland Avenue and in a ditch on the side thereof, which ditch had heretofore been constructed and dug upon the side of said Highland Avenue, in order to drain said road, and the property lying adjacent thereto and which did so drain said road and adjacent property.

"That said defendants, and each of them, without any legal authority or right in them so to do, did on or about the —— day of ————, 1901, lay a pipe along said ditch upon the side of said ditch, which is an open one, along, by and in front of plaintiff's place of residence, and within four feet of his front gate to the yard surrounding his said residence and in front of his home, where he with his family resides."

The petition further proceeds to state that the effect of the laying of the pipe lines in the ditch is to obstruct the flow of water, causing the overflow of water, and of the oil which escapes from the pipe lines into the ditch, on to plaintiff's premises.

After a careful consideration of all of the authorities cited in the briefs of both parties, and such others as we have been able to find bearing on the question involved, we have concluded that the assignment should be sustained. It does not appear, from the allegations of the petition, that there was any joint or concurrent action on the part of plaintiffs in error. On the contrary, it appears that each of the corporations joined as defendants acted independently of the others in the laying of the pipe lines and in maintaining and operating the same, each defendant laying its own pipe line and maintaining and operating the same without regard to, or connection with, either of the others. It is not contended by plaintiff that the defendants acted jointly in the laying of their pipe lines in the ditch, but that the combined result of their separate and independent acts was to obstruct the flow of water through the ditch, causing the consequential injury of which he complains, and that this authorized the joinder of all of them in this suit.

The authorities are not uniform upon the question involved. Many of those cited by defendant in error (plaintiff below), however, are not in point, being cases where recovery was sought against two or more defendants for damages caused as the direct result of the concurrent negligence of each, or both combined. In such case they may be sued jointly or severally, and each may be held liable for the entire damage. Markham v. Houston Direct Navigation Co. 73 Texas, 247, is one of this class of cases, where the injury is "the result of force directly applied and not the consequential effects of the wrongful conduct or negligence constituting a nuisance." (Swain v. Tenn. Copper Co., 78 S. W. Rep., 94; Chipman v. Palmer, 33 Am. Rep., 566; 77 N. Y., 51.) The same may be said of Southwestern Telegraph & Telephone Co. v. Crank (27 S. W. Rep., 40); Flaherty v. Northern Pacific Ry. Co., (40 N. W. Rep., 160); Colegrove v. New York & N. H. R. R. Co. (20 N. Y., 492; 75 Am. Dec., 418), and Chicago & W. I. R. R. Co. v. Marshall (75 N. E. Rep., 973), cited in appellee's brief. The rule is, that in such cases all such persons guilty of negligence contributing to the injury

may be sued jointly or severally and each may be made liable for the entire damage. It is to this class of cases that the rule laid down in 15 Am. & Eng. Ency. of Pl. & Pr. (pp. 557-8), applies, as will be seen from an examination of the cases cited in footnote to the text.

The case of Blanton v. Kinchelo Irr. Co. (19 Texas Ct. Rep., 495), we do not think supports appellee's contention. The decision seems to rest upon the fact-finding that all of the parties acted together and in concert in cutting the canal and levees, thereby flooding plaintiff's land.

The cases cited by the court in support of its conclusions sustain the contention of plaintiff in error in the present case. Respectable authority can be found, however, in support of the right to sue several defendants jointly, even in cases like the present one. (Kansas City v. Shangstrom, 36 Pac. Rep., 706; Elkhart Paper Co. v. Fulkerson, 75 N. E. Rep., 285; Simmons v. Everson, 21 Am. St. Rep., 676.) Hillman v. Newington (57 Cal., 56), is another case which seems to support this view, but as authority in the present case it is overthrown by the later case from the same court of Miller v. Highland Ditch Co. (87 Cal., 430; 22 Am. St. Rep., 254), in which it is said:

"It is clear that the rule as established by the general authorities is, that an action at law for damages can not be maintained against several defendants jointly, when each acted independently of the others and there was no concert or unity of design between them. It is held that, in such case, the tort of each defendant was several when committed, and that it does not become joint because afterwards its consequences united with the consequences of several other torts committed by other persons."

The doctrine contended for by plaintiff in error is thus stated in 14 Am. & Eng. Ency. of Pl. & Pr., 1108: "Where a nuisance results from the acts of several persons acting separately, they can not be joined as defendants in an action for damages." In such case each is liable only to the extent of the injury caused by his own wrong. "Where a person contributes to a nuisance, along with others, he may be chargeable therewith, though his acts alone might not have amounted to a nuisance. But if he acts independently, and not in concert with others, he is liable for the damages which result from his own act only. And the fact that it is difficult to measure accurately the damage which was caused by the wrongful act of each contributor to the aggregate result, does not affect the rule." (21 Am. & Eng. Ency. of Law, 719.)

If each party can only be held liable for the results of his own wrong it clearly follows that each must be sued separately. The court in its charge recognized, as the logical result of the overruling of defendants' special demurrer for misjoinder, that each defendant would be liable for the entire damage, and, in effect, so instructed the jury. The jury, however, undertook in disregard of the charge to make each defendant liable for its share of the wrong.

The following authorities, in addition to those above cited, support

appellants' contention that several defendants, charged as are the defendants in this case by the averments of the petition, can not properly be joined in one action. Wood on Nuis., 2d ed., sec. 831; Sloggy v. Dilworth, 38 Minn., 179; People v. Oakland Water Co., 118 Cal., 234; Martinowsky v. Hannibal, 35 Mo. App., 70; Swain v. Tenn. Copper Co., 78 S. W. Rep., 93; Miller v. Highland Ditch Co., 87 Cal., 430, 22 Am. St. Rep., 254; Little Schuylkill Co. v. Richards, 57 Pa. St., 142, 98 Am. Dec., 209; Lull v. Fox & Wisconsin Imp. Co., 19 Wis., 112; Gallagher v. Kemmerer, 27 Am. St., 673, 144 Pa. St. Rep., 509; Blaisdell v. Stephens, 14 Nev., 17, 33 Am. Rep., 523; Chipman v. Palmer, 77 N. Y., 51, 33 Am. St. Rep., 566; Klauder v. McGrath, 78 Am. Dec., 329.

In addition to those authorities from text writers and decisions from other jurisdictions, all sustaining appellants' contention, we find the same doctrine announced by our own Supreme Court in Mexican Nat. Construction Co. v. Meddlegge (75 Texas, 636), and by the Court of Civil Appeals of the Fifth District in Neville v. Mitchell, 28 Texas Civ. App., 91.

In the Meddlegge case the court says: "The charge made each corporation liable for its own acts, which, if proper, presents just such a case as would deny the right to join both corporations in one action." So it follows that if, in the present case, each defendant can be made liable for its own acts only, as was attempted to be done by the jury, then they can not be properly joined in one action, as was done by the petition. It may be, and we are inclined to think that it would probably be, a more sensible rule to allow all of the defendants to be sued in one action, holding each responsible only to the extent that its own acts contributed to the damages, but none of the authorities support this rule so far as we have been able to find except the case of Warren v. Parkhurst (92 Supp. (N. Y.), 725), referred to in Joyce on Nuis. (sec. 474, p. 687), which seems from the text to hold that "all the defendants may be enjoined and if the question of damages is raised a reference may be had to determine the amount for which each is liable." We take it, however, to be established that unless each party is liable for the entire injury resulting from the combined acts of all, they can not be joined in one action.

Now in the present and similar actions where the parties act separately and independently with no concert of action and no common purpose, it would be manifestly unjust to make each liable for the entire injury without regard to the extent to which its acts contributed to the general result. Yet this is exactly what the charge of the court, following logically the averments of the petition, sought to do.

We are of the opinion that the defendants were improperly joined and that their several special demurrers should have been sustained. The first assignment of error must be sustained and also assignments from two to eleven, which present the same general proposition.

Assignments of error from twelve to sixteen present questions as to the sufficiency of the evidence, which need not be passed upon.

The seventeenth and eighteenth assignments are overruled. If a

nuisance was created by laying the pipe lines in the ditch, thus obstructing the flow of the water and causing the damage complained of, defendants would not be protected by the permission of the Commissioners Court to lay their pipe lines along the street, nor by the fact that such pipe lines were not negligently laid. This is said with reference, of course, to what has been said about each defendant being liable only for the consequences of his own act. The damage was in fact caused by the obstruction of the flow of water in the ditch, without which it appears the leakage of oil from the pipes would have been probably harmless. If this be the case, the parties so obstructing the flow of water in the ditch would be liable for damage caused by the overflow, notwithstanding there was no leakage from their pipes. Having filled up the ditch and thus prevented the escape of the water, which in consequence overflowed plaintiff's premises, carrying the oil with it, it would not matter from what source the oil found its way into the ditch.

It is contended by plaintiff in error that there was no evidence connecting the Sun Company with the acts creating the alleged nuisance, but that the pipe line referred to was maintained and controlled by the Sun Pipe Line Company, a different corporation. Evidence introduced by plaintiff in error supports this contention, but certain of the witnesses, in referring to the company operating and controlling this pipe line, speak of it as the Sun Company. It should have been made clear that they really referred to the Sun Pipe Line Company under this name. It does not matter what the business connection of the two companies may be, they are distinct corporations, and if the Sun Pipe Line Company and not the Sun Company was, in fact, the lessee, and as such maintained and operated the line of pipe in question, the Sun Company would not be liable.

The right to join all of the defendants in an action for injunction is not questioned on this appeal, and, we take it, is well established. For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction.