## ST. LOUIS S. W. RY. CO. OF TEXAS v. LEWIS. (No. 1093—4996.)

Commission of Appeals of Texas, Section A.
Nov. 21, 1928.

For original opinion, see 5 S.W.(2d) 765.

E. B. Perkins, of Dallas, J. A. Ward, of Mt. Pleasant, and King, Mahaffey & Wheeler, of Texarkana, for appellant.

C. E. Bryson, of Texarkana, and J. H. Beavers, of Winnsboro, for appellee.

CRITZ, J. This case is now before us on motion for rehearing, and tender of remittitur, by the defendant in error, Lewis.

We have given careful consideration to the motion for rehearing, and still adhere to the holding as expressed in our original opinion.

With reference to the tender of remittitur, it will be noted that the defendant in error has offered to remit $3,500 of the $8,500 judgment, contending that such amount of $3,500 covers all of the verdict that can possibly be tainted by any misconduct of the jury, and that the verdict to the amount of $5,000 is in all events free from taint of such misconduct, and properly arrived at. In this connection it will be further noted that, according to the record, it is shown that, at the time the misconduct of the jury occurred, the jury had already reached an agreement resolving all issues submitted to them in the court's charge in favor of the defendant in error, Lewis, except they had not agreed on the amount of damages; and on this issue the lowest jurors were contending for $5,000, and the others for higher amounts. Under this state of the record, we are unable to say that a remittitur of the part of the judgment in excess of $5,000 would cure the error and eliminate the taint of misconduct, for the reason that to so hold would, in effect, be holding that, had the misconduct not occurred, the jury would have reached a verdict for an amount at least as great as that contended for by the lowest juror, and this we cannot hold, for the reason that we have no way of knowing that the jury would have reached a verdict at all, had said misconduct not occurred, even if it be conceded that the jury was not likely to have agreed on a verdict in an amount less than that contended for by the lowest jurors. In this connection we wish to remark, further, that we do not pass on the power or jurisdiction of the Supreme Court to accept the remittitur tendered under the circumstances of this case, but, on the other hand, expressly decline to do so. What we hold is that the remittitur, even if this court has the power to accept same, would not cure the error, for the reasons stated.

We therefore recommend that the motion for rehearing and tender of remittitur be in all things overruled and denied.