**SUN OIL CO. et al. v. ROBICHEAUX et al.
(No. 1277—5323.)**

Commission of Appeals of Texas, Section A.
Feb. 5, 1930.

714

T. L. Foster, of Dallas, and T. J. Cartwright and O. A. Toler, both of Beaumont (Ben H. Powell, of Austin, of counsel), for plaintiff in error Sun Oil Company.

R. E. Masterson, of Beaumont (Ben H. Powell, of Austin, of counsel), for plaintiffs in error Baker Oil Company, Unity Oil Company, and Stella Oil Company.

John E. Green, Jr., Claude McCaleb, Peveril O. Settle, and John Broughton, all of Houston, J. Llewellyn, of Liberty, and F. J. & C. T. Duff, of Beaumont, for plaintiff in error Gulf Production Company.

A. D. Lipscomb and Howth, Adams & Hart, all of Beaumont, for defendants in error.

CRITZ, J. This suit was filed in the district court at Jefferson county, Tex., by M. Robicheaux and his landlord, J. M. Broussard, against the Sun Oil Company and numerous other alleged oil producers, who were producing oil on what is generally known as Spindle Top Hill in said county, to' recover damages for alleged loss of rice crops during the years 1924 and 1925 on account of salt water being drained into the bayou, and its waters· thereby polluted, by the oil producers named as joint defendants in the suit.

For convenience we will hereafter refer to M. Robicheaux and J. M. Broussard as plaintiffs, and to the Sun Oil Company and the other plaintiffs in error as the oil producers.

It is shown by the pleadings and the evidence that Broussard was the owner of certain lands abutting on Hillebrandt bayou. He rented this land in 1924 and 1925 to Robicheaux as his tenant to cultivate in rice. It is alleged and proven that the plaintiffs depended upon water from Hillebrandt bayou to irrigate the land in question.

Plaintiffs sued all of the oil producers as joint tort-feasors and prayed for a joint and several judgment against them. At the close of the testimony the trial.court instructed the jury to return the verdict for the oil producers. The verdict was returned as instructed, and judgment entered accordingly. The case was duly appealed by the plaintiff to the Court of Civil Appeals at Beaumont, which court reversed the judgment of the trial court, and remanded the cause for a new trial. 10 S.W.(2d) 250. The case is now before the Supreme Court on writs of error, granted on applications of the several oil producers.

As we understand the record, the trial court instructed a verdict for the oil producers, on the theory that while some, if not all, such producers were shown to have contributed to the pollution of Hillebrandt bayou so as to render the water unfit for irrigation, and thereby damaged plaintiffs, still such producers were not answerable jointly because the pollution was shown by the undisputed evidence to be the result of separate and independent acts of the oil producing defendants, and therefore they were not jointly liable; and since such producers were not jointly liable it was a misjoinder of parties and causes of action to seek joint recovery in one suit against the several oil producers for their separate and independent acts.

The Court of Civil Appeals reversed and remanded the cause holding that there is evidence in the record in law sufficient to raise the fact issue as to whether the oil producers here sued, acted jointly, and in concert, in the pollution of the waters of the bayou.

The oil producers all assigned the above holding as error in their applications for writs of error and the writs were granted on such assignments.

We are met at the threshold of this case with a motion by the plaintiff to dismiss the writs of error on the ground that the assignment upon which the writs were granted raises an issue of fact, that is, raises the question as to the sufficiency of the evidence to support the conclusion of fact made by the

Court of Civil Appeals. We think that the assignment properly invokes the jurisdiction of the Supreme Court, and that the motion to dismiss the several writs should be overruled. The assignment does not have effect to complain of a finding by the Court of Civil Appeals on a controverted issue of fact, but has effect to say that there is no competent evidence in the record to support the holding of the Court of Civil Appeals. In other words, it is not a finding or a controverted issue of fact that is before the Supreme Court, but a question as to whether there is any evidence in the record admitted or excluded or both, legally sufficient to have sustained a verdict and judgment for plaintiff in the trial court had there been one. The Supreme Court has ample jurisdiction to hear and determine this issue, as its effect is to raise a question of law and not a finding of fact. Gainsville Water Co. v. City of Gainsville, 103 Tex. 394, 128 S. W. 370; Guisti et al. v. Galveston Tribune, 105 Tex. 497, 150 S. W. 874, 152 S. W. 167; Clarendon Land Investment Agency Co. v. McClelland Bros., 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105; Henderson v. U. S. Fidelity, etc., Co. (Tex. Com. App.) 10 S.W.(2d) 534; Santa Rosa Infirmary v. City of San Antonio (Tex. Com. App.) 259 S. W. 926.

This brings us to a consideration of the main issue in the case; that is, whether there is competent evidence in the record, admitted to go before the jury by the court, or offered by the plaintiff and excluded by the court, legally sufficient to have sustained a judgment for the plaintiff against the oil producers under the allegations of the petition.

The rule is well established in this state, and supported by almost universal authority, that an action at law for damages for tort cannot be maintained against several defendants jointly, when each acted independently of the others and there was no concert or unity of design between them. In such a case the tort of each defendant is several when committed, and it does not become joint because afterwards its consequences, united with the consequences of several other torts committed by other persons in producing damages. Under such circumstances, each tort-feasor is liable only for the part of the injury or damages caused by his own wrong; that is, where a person contributes to an injury along with others, he must respond in damages, but if he acts independently, and not in concert of action with other persons in causing such injury, he is liable only for the damages which directly and proximately result from his own act, and the fact that it may be difficult to define the damages caused by the wrongful act of each person who independently contributed to the final result does not affect the rule. Sun Co. v. Wyatt, 48 Tex. Civ. App. 349, 107 S. W. 934; 38 Cyc. 484;

26 R. C. L. 766. On the other hand, where several wrongdoers act independently of each other in producing the same consequence, the equitable remedy of injunction may be resorted to by the person injured, to abate the nuisance or injury. 39 Cyc. 485.

We do not understand that the opinion of the Court of Civil Appeals questions the rule of law above announced; on the other hand, we interpret the opinion of that court in the case at bar to hold in harmony with the above views.

In the case at bar we interpret the Court of Civil Appeals to hold that there is evidence in the record, which as a matter of law presents a fact question as to whether there was a concert of action between the oil producers in polluting the waters of Hillebrandt bayou, and thus rendering same unfit for irrigation purposes, and resulting in the injuries complained of by the plaintiff. We do not agree with this holding.

The Court of Civil Appeals has quoted very extensively from the record, and set out in much detail the facts proved. We do not consider it necessary to here repeat this evidence, as in our opinion the facts quoted do not show a concert of action between the defendants, but on the other hand absolutely negative such conclusion. It is true that the facts do show that there were several groups of defendants in which the individuals of the group acted together with each other in using the same settling tank to hold the salt water, and where this water was wrongfully allowed to escape into the bayou the members of that group would be jointly and severally liable for all the damages thereby produced. However, there is no evidence that the several groups acted together with each other, and therefore the part of the damages produced by one group could not be laid at the door of the other groups or members thereof.

The Court of Civil Appeals seems to hold that the fact that several years prior to the institution of this suit, a suit in equity for injunction was filed against the oil producers jointly to prevent the pollution of the bayou in question, and a consent decree entered in which an inspector was appointed by the court to generally supervise the condition, and the further fact that the oil companies jointly contributed to the salary of the inspector, etc., is evidence of concert of action in the instant pollution. This holding is error. The owners of land along the bayou had the right to join all persons in one action in equity for injunction, whose separate and independent acts resulted in the same general consequence of polluting the waters of the bayou so as to render them unfit for irrigation. 38 Cyc. 485. If the oil producers could be thus joined in one equitable action for injunction, when they could not have been joined in an action in law for damages, they certainly do not, as a result of obeying the

716

decree entered by the court, whether it be a consent decree or not, render themselves joint operators engaged in one enterprise.

We think further that the Court of Civil Appeals is in error in holding that the fact that there is evidence of co-operation among certain defendants to determine the extent of the pollution after this suit was filed, and after the water was polluted is a circumstance going to show joint action on the part of the oil producers in producing the pollution. Certainly after these defendants were sued jointly the fact that they co-operated in gathering evidence to combat the suit would in our opinion be no evidence to show that they acted jointly in producing the pollution.

We have read and carefully considered the evidence quoted by the Court of Civil Appeals, together with the very able arguments and briefs filed by. all parties herein, and we have reached the conclusion that there is no evidence in the record that will in law sustain a joint judgment against the oil operators here sued, and therefore there is a misjoinder of both parties and causes of action in this suit. In reaching this conclusion we have considered both the evidence offered but excluded, and the evidence admitted.

We therefore recommend that the motion to dismiss the writs of error filed herein by the plaintiff be in all things overruled, and that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. The judgment of the Court of Civil Appeals is reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.