## SOUTHWESTERN DRUG CORPORATION
### et al. v. TAYLOR.
#### No. 2043—6813.

Commission of Appeals of Texas, Section A.

Feb. 17, 1937.

Wayne R. Howell and Rice M. Tilley, both of Ft. Worth, Philip Tocker, of El Paso, McGown & McGown, B. E. Godfrey, and H. L. Logan, Jr., all of Fort Worth, Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, and Bryan & Maxwell and Stansell Bryan, all of Waco, for appellants.

Marvin H. Brown, Jr., and M. Hendricks Brown, both of Fort Worth, for appellee.

HICKMAN, Commissioner.

This case is submitted on the following certificate from the Court of Civil Appeals, Second District, at Fort Worth:

"H. K. Taylor, Jr., sued the Texas Power & Light Company, the Southwestern Drug Corporation, and P. K. Bratton, Inc., for damages.

"Appellee desired the installation of an ice cream manufacturing plant which required the purchase of three units of machinery. There are various types of each of these units. Each of the defendants sells one type of one of those units. Appellee, making his desire known to each of these defendants and making known to them that he was ignorant of the respective merits of the various types of units, was told by each of them that a combination hook-up of the three units for sale respectively by these defendants was the best hook-up and would manufacture ice cream with the best results. He, thereupon, and relying upon those representations, purchased from each the unit sold by it; same were installed and hooked up under the supervision of two of the defendants. The combination did not manufacture salable ice cream. This was called to the attention of defendants and they attempted to repair the hook-up but without success. Appellee does not know what was the trouble or why the hook-up did not work. The resultant injuries to appellee are established.

"We are not able to agree on whether or not this makes a prima facie case and therefore certify to your Honors, the Supreme Court of Texas, the question:

"Does this proof make out a prima facie case against each of the defendants for all his damages; that is, does the plaintiff have the burden of showing which of the units failed to function or why the combination failed to deliver the promised results?"

When this case was argued orally on submission we expressed doubt of the sufficiency of the certificate to present any particular question of law for decision, but we have concluded that it is sufficient to present the question of whether the burden rested upon plaintiff to show which of the units failed to function and, thus construing it, we make the following answer:

The certificate does not disclose that the defendants made a joint sale to the plaintiff of a complete unit. On the contrary, it discloses that plaintiff purchased from each defendant the unit sold by it. The representation by each defendant that a combination hookup of the three units was the best hookup and would manufacture ice cream with the best results must be construed as referring to makes or types of units and not to the condition of the particular units to be sold and delivered by the other defendants. For aught that appears in the certificate, this combination would have produced the desired results had each unit been up to the usual standard of units of that make. The facts set out in the certificate will not support a conclusion that each of the defendants expressly warranted that the particular units to be sold by the others were free of mechanical or other defects and no such implied warranty may be read into the separate contracts of sale. Suppose, for instance, the type or make of unit sold by the drug company ordinarily performs well, but the particular unit sold by it to plaintiff failed to function because of some defect of material or workmanship. It would manifestly be unjust to charge the other

defendants with liability therefor. Joint and several liability cannot be imposed upon the defendants, who acted individually under separate contracts and not jointly under a joint contract. The difficulty of proving the case does not alter the principle of decision. Sun Oil Co. v. Robicheaux (Tex. Com.App.) 23 S.W.(2d) 713. We answer that the burden rested upon the plaintiff to show which of the units failed to function.

Opinion adopted by the Supreme Court.