SOUTHWESTERN DRUG CORPORATION ET AL V. H. K. TAYLOR, JR.

No. 7283. Decided October 11, 1939.
(131 S. W., 2d Series, 995.)

*Rice M. Tilley* and *Phillip Tocker,* both of Fort Worth, for plaintiff in error Southwestern Drug Co., *McGown & McGown, H. L. Logan, Jr.,* and *B. E. Godfrey,* all of Fort Worth, for plaintiff in error P. M. Bratten Co., and *Worsham, Burford, Ryburn & Hincks,* of Dallas, *Stansell Bryan* and *Bryan & Maxwell,* of Waco, for plaintiff in error Texas Power & Light Company.

In an action for damages against several defendants for failure of a completed ice cream manufacturing plant, made up of several units sold by the respective defendants under separate and independent written contracts, to produce ice cream, the burden rests upon the plaintiff to show which of the units failed to function, notwithstanding the representation by each defendant that a combination hook-up of the units was the best and would produce ice cream with the best results. Detroit Automatic Scale Co. v. Smith Milling Co., 217 S. W. 198; Reeves Tractor and Imp. Co. v. Barrow, 118 S. E. 456; Sun Oil Co. v. Robicheaux, 23 S. W. (2d) 713.

*Marvin H. Brown, Jr., M. Hendrick Brown,* and *Mack & Mack,* all of Fort Worth, for defendant in error.

Where an article is bought for a specific use of which the seller has knowledge or notice at the time of the sale and in reliance upon his judgment or skill, there is an implied warranty that it is reasonably adapted or suited to the purpose of the buyer. Davis v. Ferguson Seed Farms, 255 S. W. 655; Wintz v. Morrison, 17 Texas 372; 32 Tex. Jur. 39.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit was filed by H. K. Taylor, Jr., against the Southwestern Drug Corporation, P. M. Bratten Company and Texas Power & Light Company, all corporations, for the cancellation of certain notes for money paid out by him on the obligations in question, and for damages. The trial court rendered a *joint and several judgment against all of the defendants* in favor of plaintiff, which, less a portion of the money judgment remitted by him in order to prevent a reversal of the judgment, was affirmed by the Court of Civil Appeals. 103 S. W. (2d) 883. Three writs of error were granted, that of the Drug company upon its first assignment, and those of the Bratten company and the Light company respectively because of the granting of the first.

Plaintiffs in error will hereafter be referred to collectively as defendants, and individually as the Drug company, the Light company, and Bratten, respectively. Defendant in error, Taylor, will be referred to by his name.

The theory upon which Taylor filed his suit is that he entered into contracts of purchase with defendants, individually; but that a joint warranty on their part was implied that the ice cream manufacturing plant, the separate units of which they sold him individually, would, after the units were installed, function so as to manufacture ice cream with the best results; and that such result did not follow when the hookup was installed and attempted to be operated.

While applications for rehearing filed by defendants, respectively, were pending in the Court of Civil Appeals, it certified to this Court the question whether the facts stated in the certificate made a prima facie case against each of the defendants for all of Taylor's damages; or, stated in another way, whether plaintiff had the burden of showing which of the units of machinery sold to him by the three defendants, respectively, failed to deliver the promised results.

The answer to the inquiry certified (129 Texas 5, 101 S. W. (2d) 550) reads:

"The certificate does not disclose that the defendants made a joint sale to the plaintiff of a complete suit. On the contrary, it discloses that plaintiff purchased from each defendant the unit sold by it. The representation by each defendant that a combination hookup of the three units was the best hookup and would manufacture ice cream with the best results must be construed as referring to *makes or types* of units and not to the *condition* of the particular units to be sold and delivered

by the other defendants. For aught that appears in the certificate this combination would have produced the desired results *had each unit been up to the usual standard of units of that make*. The facts set out in the certificate *will not support* a conclusion that each of the defendants *expressly warranted* that the particular units to be sold by the others were free of mechanical or other defects and *no such implied warranty may be read into the separate contracts* of sale. Suppose, for instance, the type or make of unit sold by the drug company ordinarily performs, well, but the particular unit sold by it to plaintiff failed to function because of some defect of material or workmanship. It would manifestly be unjust to charge the other defendants with liability therefor. Joint and several liability cannot be imposed upon the defendants, who acted individually under separate contracts and not jointly under a joint contract. The difficulty of proving the case does not alter the principle of decision. Sun Oil Co. v. Robicheaux (Tex. Civ. App.), 23 S. W. (2d) 713. We answer that the burden rested upon the plaintiff to show which of the units failed to function." (Italics ours.)

The writs were granted upon the view that in the light of the foregoing answer Taylor did not establish facts showing he was entitled to recover a joint and several judgment against the defendants.

It is stated in the opinion of the Court of Civil Appeals written upon return of the certified answer, that the court had again carefully read the evidence as disclosed by the statement of facts and had concluded that it was sufficient to support a judgment predicated upon a joint undertaking by all of the defendants to sell to Taylor a completed unit suitable for the manufacture of ice cream. The opinion states that it entertains no doubt that this Court reached a correct conclusion on the question discussed by it and expressed regret that the certificate was not full enough to enable this Court to pass upon the question of joint undertaking.

A careful examination of the statement of facts in connection with the certificate sent up when the inquiry was certified, discloses that the facts stated in the certificate were sufficient to enable this Court to pass upon the question discussed, to wit, that of joint undertaking. As stated in the concluding clause of the opening statement of the answer to the inquiry, "*it (the certificate) discloses that plaintiff purchased from each defendant the unit sold by it.*" (Italics ours.) In fact the certificate states specifically that Taylor purchased

from "each the unit sold by it." Furthermore such are the uncontroverted facts. The statement of facts discloses that the Drug company and the Light company by separate written contracts sold to Taylor the particular machinery, or equipment, purchased from each respectively. It discloses also that the contract was executed between Taylor and the Drug company on May 30, 1932, and that he did not execute the contract with the Light company until June 18th, about three weeks later. Both contracts are set out in full in the statement of facts. The Drug company contract states that "the entire contract between the parties, and all prior agreements, if any, are merged herein," and the Light company's contract states that "This agreement supersedes all prior agreements, representations, promises or inducements, written or verbal, made with respect to the matters herein contained."

The conclusion of the Court of Civil Appeals is not predicated upon the view that Taylor on the one hand and the three defendants on the other made a joint contract of purchase and sale. In fact it recognizes that no such joint contract was made. Its conclusion is predicated rather upon the view that there was an implied joint warranty on the part of the three vendors which arose out of their implied individual warranties.

It appears from the answer to the certified inquiry, supra, that a representation by each defendant that the hook up of the three units would work "will not support a conclusion that *each of the defendants* expressly warranted that the particular units to be sold by the *others* were free of mechanical or other defects and *no such implied warranty may be read into the separate contracts of sale.*" (Italics ours.) There was neither a joint sale nor a joint warranty on the part of the defendants.

That the foregoing conclusion is the basis of the answer of this Court to the question certified appears from the illustration used in the answer to the effect that it would manifestly be unjust to charge Bratten and the Light company with a supposed defect in the unit sold by the Drug company. In the absence of a joint contract of sale and purchase, "the burden," as stated in the certified answer, "rested upon the plaintiff (Taylor) to show which of the units failed to function," to entitle him to a recovery against the vendor of the unit so failing. The unworkableness of the hookup did not make out a prima facie case in favor of plaintiff.

The judgment of the trial court affirmed by that of the Court of Civil Appeals being a joint and several judgment against all of the defendants, is reversed, and the judgments of

both courts are set aside; but in order that Taylor's right, if any he has, to recover a judgment in severalty may not be foreclosed, the cause is remanded.

Opinion adopted by the Supreme Court October 11, 1939.